## 709.   McALLISTER *v.* THE STATE.

The confession not being plenary, and not being connected with the specific act which was the basis of the criminal offense charged, the conviction of the defendant was not authorized by the evidence.

Indictment for fornication and adultery, from Bartow superior court—Judge Fite.   July 26, 1907.

Argued October 9,—Decided October 15, 1907.

*James B. Conyers,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.

RUSSELL, J.   The defendant, John McAllister, was indicted and convicted for the offense of adultery and fornication, and excepts to the overruling of his motion for a new trial.   The only question presented by the record is whether the verdict is contrary to law, in that the evidence is insufficient to support it.   This court is especially reluctant to interfere with the verdict of a jury, and for that reason we have carefully scrutinized the record to ascertain if in any view of the case the verdict can be supported by law. The evidence for the State, in brief, was that one witness saw the defendant running after the married woman with whom the intercourse is alleged to have taken place, and slapping her on the rump.   Another witness, at another time, saw the defendant kiss the female in question.   The State then produced the following statement, made by the defendant to another witness:   "The defendant told me that he did it to [the woman in question] whenever he wanted to do it."   Another witness, detailing this same conversation, said that the defendant said that he did it to her one time.   This was all the evidence in behalf of the State.   The defendant stated that he had never had intercourse with the female in question; and she testified to the same effect.

A confession corroborated will authorize conviction of a criminal offense; the amount of corroboration being solely for the jury. Clark, in his work on Criminal Procedure, p. 532, lays the rule down thus:   "An extra-judicial confession, in order to warrant a

conviction, must be corroborated by other evidence tending to prove the corpus delicti." Wharton, after stating the conditions upon which voluntary confessions are admissible, says: "While voluntary confessions of specific charges or of inculpatory facts are always admissible under the conditions above stated, they can not sustain a conviction, unless there be corroborative proof of the corpus delicti." Whart. Cr. Ev. 632. In 1 Greenleaf on Evidence, §217, in discussing the question whether extra-judicial confessions, un-corroborated by any other proof of the corpus delicti, are sufficient to support a conviction, the learned author says: "In each of the English cases usually cited in favor of the sufficiency of this evidence, there was some corroborating circumstance. In the United States the prisoner's confession, when the corpus delicti is not otherwise proved, has been held insufficient for his conviction; and this opinion certainly best accords with the humanity of the criminal code, and with the great degree of caution applied in receiving and weighing the evidence of confessions in other cases, and it seems countenanced by approved writers on this branch of the law." In People v. Badgley, 16 Wend. (N. Y.) 53, it was held: "Evidence of confession alone, unsupported by corroborating facts and circumstances, is not sufficient to convict; there must be proof aliunde of the corpus delicti, although such proof need not be conclusive." In Stringfellow v. State, 26 Miss. 157, it was held: "In capital felonies, the extra-judicial confessions of the prisoner, where the corpus delicti is not proven by independent testimony, are insufficient to warrant a conviction of the accused." In Johnson v. State, 59 Ala. 37, following Matthews v. State, 55 Ala, 187, it was held: "An extra-judicial confession, not corroborated by independent evidence of the corpus delicti, will not support a conviction for a felony." In Kentucky, as in Georgia, this principle is embodied in the statutory law of the State." Cunningham v. State 9 Bush, 149. This seems to be true in Iowa. State v. Feltes, 51 Iowa, 501. In U. S. v. Mayfield, 59 Fed. 118, Boarman, J., said: "Before a conviction is justified, the government should be required to establish the corpus delicti by some degree of circumstantial or other evidence independent of the defendant's extra-judicial confessions." In Priest v. State, 10 Neb. 394, the rule was laid down this way: "A confession is not sufficient evidence of the corpus delicti. There must be other evidence that

a crime has actually been committed, the confession being used to connect the accused with the crime."

The error of the trial judge in this case grew out of his failure to recognize the distinction between a confession incomplete and a plenary confession. We think that the circumstance that a gentleman boarder was seen familiarly slapping the rump of his landlady, who was a married woman, and the further circumstance that he was seen holding her by the chin and kissing her, would afford strong corroborative testimony of a plenary and specific confession of sexual intercourse. But the witnesses for the State, as to the confession, did not detail a statement by the defendant which would authorize a conviction, even if the law permitted convictions by confessions uncorroborated. From this statement, denominated a confession, it does not appear that the intercourse took place in Bartow county, nor that it was within two years prior to the finding of the indictment; nor is there any circumstance to connect it with the facts upon which the State relied for corroboration. We think, therefore, that the verdict, for lack of evidence, is contrary to law, and that a new trial ought have been granted.

*Judgment reversed.*