### 4926.    Cox v. The State.

RUSSELL, J.  1. A trial judge may, by the form of the question which he propounds, intimate an opinion as to the existence of a fact the proof of which is material to the issue; and, under the provisions of the code (Penal Code, § 1058; Civil Code, § 4863), such an intimation of opinion, in the presence of the jury, requires the grant of a new trial. *Sharpton* v. *State*, 1 *Ga. App.* 542 (57 S. E. 929); *Rouse* v. *State*, 2 *Ga. App.* 184 (58 S. E. 416).

2. On the trial of one indicted for the offense of perjury, an instruction which withholds from the determination of the jury the question whether the testimony alleged to have been false was material to the issue is erroneous.

3. In a trial for perjury the burden is upon the State to prove that the accused was duly sworn, as alleged in the indictment; and it is error to charge the jury . that from the fact that the accused went upon the stand as a witness, submitted to an examination as a witness, and answered questions as a witness, the law would presume that he was sworn, and the burden of proof would be upon him to show that he was not sworn.

4. While no presumption that an oath was administered to one accused of perjury arises from the fact that he made statements upon the stand as a witness, still it is not necessary that in testifying a witness should have his hand upon the Bible, or that he raise his hand. If he appeared as a witness and a lawful oath was administered to him, and he assented to it, the fact that he consciously took upon himself the obligation of the oath could be implied; and it would be immaterial whether he was standing with the rest of the witnesses, or by himself in another part of the court-room.

5. A definition of the offense of perjury from which is omitted the statement that the alleged false testimony was material to the issue in question is fatally defective; and the jury should be told that a charge of perjury can not be based upon testimony not delivered in a judicial proceeding, and that to convict of this offense the testimony of two witnesses, or of one witness supported by such circumstances of corroboration as the jury consider necessary for that purpose, is required. Penal Code, § 259.

6. Where there is no evidence that the accused confessed, the judge is not required to charge the jury upon the subject of admissions and confessions. *Malone* v. *State,* 77 *Ga.* 767; *Sellers* v. *State,* 99 *Ga.* 267 (25 S. E. 178) ; 3 Mich. Enc. Dig. Ga. R. 228.

7. An exception, in which it is insisted that the judge erred in failing to charge the jury the rule of law as to the insanity of the accused at the time the alleged perjury was said to have been committed, without alleging any reason why the failure to charge was error, or without pointing out wherein the cause of the accused was prejudiced, presents nothing for the consideration of this court.

8. The exception to the entire charge of the court is too vague and indefinite to be considered. *Judgment reversed.*

DECIDED OCTOBER 29, 1913.

Indictment for perjury; from Bartow superior court—Judge Fite. March 24, 1913.

*William T. Townsend, John W. Bale,* for plaintiff in error.
*Sam. P. Maddox, solicitor-general, J. M. Neel,* contra.