## 15694. GRIMES *v.* THE STATE.

BROYLES, C. J. 1. Where the accused was convicted under an indictment charging him with selling and bartering, for a valuable consideration, intoxicating liquors, the verdict was not unauthorized because the witnesses for the State testified that they had "bought" whisky from the accused, without testifying anything about the consideration, whether it was money or something else of value. As was held in *Howell* v. *State,* 124 *Ga.* 698, an indictment for selling whisky need not allege that the sale was for a valuable consideration, as the words "for a valuable consideration" are merely surplusage; but where the indictment does so charge, proof that a witness "bought" whisky from the accused (nothing further appearing as to the consideration) is sufficient to import a valuable consideration, the word "bought" importing such a consideration. *Howell* v. *State,* supra, page 699; New Standard Dictionary.

2. The venue of the offense was sufficiently proved.

3. The trial of the accused was held in April, 1924, and the indictment charged that the offense was committed on December 1, 1924. No demurrer to the indictment was interposed, and upon the trial the evidence showed that the offense was committed in December, 1923. *Held:* The accused waived his right to raise the point that the indictment charged that the offense was committed on a day subsequent to the finding of the bill and subsequent to the trial itself. *Hill* v. *State,* 41 *Ga.* 484 (2); *Adkins* v. *State,* 103 *Ga.* 5 (29 S. E. 432); *Lanier* v. *State,* 5 *Ga. App.* 472 (2) (63 S. E. 536); *Gazaway* v. *State,* 9 *Ga. App.* 194 (70 S. E. 978).

4. The verdict was authorized by the evidence and the court did not err in refusing to sanction the certiorari.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED AUGUST 8, 1924.

Petition for certiorari; from Putnam superior court—Judge Park. May 21, 1924.

*W. T. Davidson,* for plaintiff in error.

*Doyle Campbell, solicitor-general, S. T. Wingfield, solicitor, A. Y. Clement,* contra.