### 17629. JOHNSON *v.* THE STATE.

Refusal to declare a mistrial was error where the prosecuting attorney asked a witness whether the defendant, who was then on trial for a violation of the prohibition law, had ever before been convicted of a violation of that law, and the witness answered that the defendant had twice been convicted of violating that law, and where the court, without reprimanding the attorney, excluded the question and answer and instructed the jury not to consider them, as the defendant had not put his character in issue.

DECIDED NOVEMBER 9, 1926.

Possessing intoxicating liquor; from city court of Thomasville —Judge MacIntyre. July 10, 1926.

*W. H. Hammond,* for plaintiff in error.

*J. Baird Edwards, solicitor,* contra.

BROYLES, C. J. The accused was being tried for a violation of the prohibition law. At the outset of the trial the solicitor of the court asked a witness for the State the following question: "Has this defendant, Nathaniel Johnson, ever been convicted before for violating the prohibition law?" The answer of the witness was: "Yes, he has been convicted twice before this for violating the prohibition law." Counsel for the defendant immediately objected to the question and answer and moved for a mistrial on the grounds that the evidence was improper, illegal, and prejudicial to the accused, and that by said question and answer the State.had put in issue the defendant's character, which had not been put in issue by him. The court, without reprimanding the solicitor, excluded the question and answer, and instructed the jury not to consider them, as the defendant had not put his character in issue, and denied the motion for a mistrial. The refusal to grant a mistrial was error, and requires another hearing of the case.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

---

Criminal Law, 16 C. J. p. 581, n. 15; p. 919, n. 72.