## 20143. RICHARDSON *v.* THE STATE.

DECIDED MARCH 4, 1930.

*W. T. Davidson,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

LUKE, J. The indictment in this case charges that Willie Richardson "did unlawfully lead a profligate and immoral life, and did then and there wander and stroll about in idleness, being then and there able to work and having no property to support himself." The defendant was convicted by a jury in the county court of Putnam county, and the case was taken by certiorari to the superior court. The judge overruled the certiorari and defendant excepted.

It appears from the judge's answer to the writ of certiorari that when the case was called the defendant, in reply to questions propounded to him by the court, stated that he had no lawyer, was not able to hire a lawyer, and did not want one; that, seeing that that the defendant "appeared to be confused as to striking a jury," the court had an attorney assist him in striking a jury; that during the further trial of the case, the defendant represented himself, and

that the attorney representing him in this court was not present at the trial of the case.

It further appears that, when offering evidence of the witness John Leonard that the defendant had the reputation of being a liquor dealer and had the reputation of dealing in whisky, the solicitor stated in the presence of the court and the jury that there was pending an accusation charging defendant with knowingly permitting apparatus for the making of whisky to be located on his premises. It appears also that the witness Emory Sanders testified as follows in regard to the defendant: "I have heard that he handles liquor, that he has the reputation of being a bootlegger, and that he dealt with whisky." The defendant made no objection whatever to the statement of the solicitor or to the testimony of the witnesses Leonard and Sanders.

The gist of defendant's statement is that he had not been well for the past year and had not been able to do manual labor, but that he had worked when he was able to work and could get work, and that he was not guilty of vagrancy.

The evidence was conflicting and did not demand the verdict. The statement of the solicitor and the testimony of the two witnesses referred to put defendant's character in issue when he himself had not done so, and ordinarily this would be error. Penal Code (1910), 1019; *Johnson* v. *State*, 36 *Ga. App.* 127 (135 S. E. 492).

In the answer to the writ of certiorari the court states its position in this language: "I did not, either as to this or as to any other omission to act of which the petition makes complaint, conceive it to be the duty of the court either to act as the defendant's counsel or to volunteer rulings which had not been invoked by any objection, however informal." Unquestionably the court's view of the law follows the general rule that where there is no objection there is no reversible error. However, we think that the facts of this case take it without the general rule. It appears from the record that the defendant appeared so inexperienced in conducting cases that the judge of his own motion had an attorney to assist him in striking a jury. We do not think that the court's duty is so circumscribed as the trial judge appears to think it is. In *Moody* v. *Davis*, 10 *Ga.* 403 (3), this language appears: "It is the right and duty of the court to determine every principle of

228

law which he may think applicable to the case, whether suggested by counsel or discovered by his own knowledge and observation." In *Hill* v. *State*, 41 *Ga.* 484 (3), 502, it is said: "And the law clothes the circuit judges with the highest and most sacred powers; and in all cases, both civil and criminal, it is not only their prerogative right but official duty, to watch the progress of the trials before them, and see that the laws are enforced without restraint." We quote next from *Kelly* v. *Strouse*, 116 *Ga.* 872 (8-a) (43 S. E. 280). "While it is the duty of counsel to protect the client from wrong and injustice, it is much more the duty of the judge to save the law from being outraged. Neither the laches of the litigant nor the negligence of counsel will absolve the judge from his sworn obligation to administer the law." In the case of *Augusta R. Co.* v. *Randall*, 85 *Ga.* 297 (6), 315 (11 S. E. 706), the judgment was reversed although it does not appear that any ruling was invoked in reference to improper remarks of counsel. In *Grady* v. *State*, 11 *Ga.* 253 (3), it is said: "It is not only the privilege of the court, but its solemn duty, to interrupt counsel when misstating the testimony to the jury." If so, why should not the court intervene to prevent the character of an unrepresented defendant from being improperly put in issue?

Under the peculiar facts of the case at bar, we think it was the duty of the court to intervene and prevent the solicitor from putting the defendant's character in issue; and we further think that his failure so to do is reversible error. Therefore, we hold that the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J. It appears from the untraversed answer of the trial judge that the evidence of the sole witness for the defense was, on motion of the solicitor-general, ruled out; and no assignment of error upon that judgment was made in the petition for certiorari. Conceding that the judge, on his own motion, should have excluded the evidence complained of in the petition for certiorari, that error, in my opinion, does not require another hearing of the case, *since the evidence not excepted to* (as disclosed in the answer of the judge) *demanded the verdict*. Therefore the

accused was not harmed by the admission of the alleged illegal evidence, and it was not error to overrule the certiorari.