21016.   BOOTH, *alias* KREBS, *v.* THE STATE.

DECIDED MAY 12, 1931.

*John I. Kelley, Frank T. Grizzard,* for plaintiff in error.
*Clifford Pratt, solicitor-general,* contra.

LUKE, J. The indictment in this case charges Mrs. M. L. Booth, alias Mrs. M. L. Krebs, with the offense of false swearing, "for that the said Mrs. M. L. Booth, alias Mrs. M. L. Krebs, on 13 day of February, 1930, in the county aforesaid, did then and there, unlawfully and with force and arms, before E. S. Wages, who was

then and there the ordinary of Gwinnett county, Georgia, did then and there wilfully, knowingly, absolutely, and falsely swear that Miss Martha Robinson and Billie Shannon were by her, the said Mrs. M. L. Booth, alias Mrs. M. L. Krebs, known to be twenty-one years of age or over, for the purpose of having them married to each other, and for the purpose of obtaining a marriage license from said E. S. Wages, ordinary as aforesaid, for their marriage," etc. It is contended that the trial judge erred in overruling a demurrer to the indictment on the ground that it "fails to allege that any lawful oath was administered to this defendant prior to or in connection with the signing or swearing to the statement alleged in said indictment."

"False swearing shall consist in wilfully, knowingly, absolutely, and falsely swearing, either with or without laying the hand on the Holy Evangelist of Almighty God, or affirming in any matter or thing (other than a judicial proceeding), by a person to whom a lawful oath or affirmation is administered." Penal Code (1910), § 261. In 21 R. C. L. 257, par. 4, it is said: "The form of the oath is immaterial, though it must be solemnly administered." In the case of *Ashburn* v. *State,* 15 *Ga.* 246, 248, we find this statement: "Neither perjury nor false swearing can be assigned, unless the oath be a lawful one." In the case of *Aldridge* v. *State,* 39 *Ga. App.* 484, 487 (147 S. E. 414), the court, quoting from *Black* v. *State,* 13 *Ga. App.* 546 (79 S. E. 173), said: "In the first indictment for perjury the State was required to prove that Black was *lawfully* sworn." In *Broadwater* v. *State,* 10 *Ga. App.* 458, 459 (73 S. E. 691), Judge Russell, speaking for the court, said: "Of course, it is necessary that it should be properly alleged that the oath administered to the witness Broadwater on the trial of Davenport was a lawful oath." In this connection, see *Sistrunk* v. *State,* 18 *Ga. App.* 42 (1-a, f) (88 S. E. 796). Of course, false swearing is differentiated from perjury, as defined in section 259 of the Penal Code (1910), by the fact that the offense is false swearing where a person swears in "other than a judicial proceeding;" and the foregoing decisions in perjury cases are pertinent to cases of false swearing. Therefore it appears that in a prosecution for false swearing, it must be both alleged and proved that "a lawful oath or affirmation" had been administered to the accused. Since the indictment fails to comply with this require-

ment, and the defect was specifically pointed out by a timely demurrer, we are constrained to hold that the court erred in overruling the demurrer to the indictment.

Since the further proceedings in the case were nugatory, the other questions sought to be raised by the record are not for the consideration of this court.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*