## 26911. SMOAK v. THE STATE.

DECIDED JUNE 9, 1938. REHEARING DENIED JULY 15, 22, 1938.

*C. L. Hilton, J. B. Moore,* for plaintiff in error.
*W. G. Neville, solicitor-general,* contra.

GUERRY, J. The defendant was indicted for the offense of perjury, it being alleged that he wilfully and knowingly swore falsely in a suit brought by C. L. Taylor against Carrie Belle Taylor,

then and there pending and being tried in the superior court of Screven County. The alleged false testimony was set out, and its materiality was alleged. Upon the trial the State, without objection, offered in evidence the stenographic transcript of the evidence which gave the name and style of the case and the court in which it was pending, together with the names of counsel for both parties. The stenographer who reported the case was allowed, without objection, to testify as to the nature of the case, the issues involved, that the oath was administered by counsel for the party in whose favor the defendant was testifying, what the defendant testified, and that the testimony so given was material to the issues involved. It does not appear that the pleadings in the case in which it was alleged the perjured testimony was given were introduced in evidence. The defendant in his statement admitted giving the testimony, and stated that the same was true. The jury found him guilty, and he excepted to the overruling of his motion for new trial.

■ One of the reasons assigned in the motion why a new trial should be granted is that no competent evidence was introduced showing the existence of the judicial proceeding in the superior court of Screven County, alleged in the indictment to have been the case of C. L. Taylor against Carrie Belle Taylor, wherein, as the indictment alleged, the false testimony was given by the defendant. The original pleadings, or duly authenticated copies thereof, were not produced and introduced in evidence. However, it appears from the above statement of facts that the court stenographer was allowed to testify, without objection, as to the existence of such a proceeding. The position is taken that a duly authenticated transcript of the record of the case is necessary to prove the judicial proceeding in the course of which the alleged perjury was committed, it being contended in this connection that the testimony of the stenographer was hearsay and without probative value. We concur in the view that *where objection is made,* a duly-authenticated transcript of the record is necessary to prove the existence of a judicial proceeding in a court of record. However, no objection was made by the defendant to the testimony, which amounts to his consent to its admissibility and a waiver of any objection that might have been urged. In such case, upon a motion for new trial, the evidence must be considered without

reference to any inherent defect which might have rendered it inadmissible had proper objection been presented. *Massee* v. *Parrott*, 29 *Ga. App.* 109 (114 S. E. 225). We do not concur in the view of counsel for plaintiff in error that the testimony of the stenographer was hearsay. It may have been objectionable in that the State had not established by competent proof the existence of such judicial proceeding (Code, § 38-601), and that in so far as such evidence tended to establish its existence it was inadmissible, for the reason that there was higher and better evidence of such fact; but it was not objectionable as hearsay. It is true that such evidence was secondary, but the Code provides for the introduction of such evidence in certain circumstances (§§ 38-204, 38-212, 38-213, 38-607), which illustrate that such evidence is not without probative value. It is true that the circumstances which permit the introduction of such evidence do not appear to have been present in this case. However, as pointed out above, the defendant waived his right to require better proof, and the evidence is to be considered as if those circumstances were present. The case of *Heflin* v. *State*, 88 *Ga.* 151 (14 S. E. 112, 30 Am. St. R. 147), is cited by counsel for the plaintiff in error. The court pointed out in its opinion in that case that "No record of the case here referred to was put in evidence, *Nor was the existence or contents of any indictment against Eddleman, or of any plea to such indictment, proved in any manner whatsoever.*" (Italics ours.) This statement is not true of the present case.

It is further contended that the evidence fails to show that a lawful oath was administered to the defendant in the alleged judicial proceeding. The transcript of the evidence, introduced in evidence without objection, shows that Mr. Brant was counsel for plaintiff in the judicial proceeding wherein the indictment alleged the offense of perjury was committed. The stenographer testified: "As to who administered the oath, he was Mr. Brant's witness, and Mr. Brant administered the oath. That is the usual form of administering oaths, and has been ever since I have known anything about it." In *Cain* v. *State*, 10 *Ga. App.* 473 (3) (73 S. E. 623), it was said: "When, in the course of a judicial investigation, an attorney at law, by the authority or permission of the court, administers the oath to a witness, he does so in behalf of the court. Consequently it may properly be alleged in an indictment assign-

ing perjury upon the testimony of such witness, delivered in the court of inquiry, that the oath was administered by the presiding magistrate." We think the evidence quoted above amply supports a finding that a lawful oath was administered to the defendant in the judicial proceeding under consideration. When a witness is called by counsel in the trial of a case and the oath administered to him in the usual manner, without a showing to the contrary, it will be presumed that the witness was given notice of the case in which he was being sworn and about which he was expected to testify. The evidence amply supported the verdict; and upon a consideration of the grounds of the motion for new trial, no error of law appears. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., dissents.*

ON MOTION FOR REHEARING.

GUERRY, J. It is strenuously insisted by counsel for the plaintiff in error that our opinion is contrary to the ruling in the *Heflin* case, by which we are bound. The transcript of record in that case shows that complaint was made in the motion for new trial that "the court erred in admitting in evidence over the objection of the defendant, the oral testimony of H. L. Parry (who was the official court stenographer), and of A. F. Cooledge, that the case of the State vs. George H. Eddleman, in which Heflin testified, was a trial of Eddleman for the killing of Thos. E. Gresham and occurred in Fulton superior court, his honor Richard H. Clark presiding,—the records being the best evidence of the fact and the nature and manner of trial." Exceptions were also taken upon the verdict, "because the testimony of the defendant upon which perjury was assigned is not shown to have been given in any judicial proceeding." It will be noted that in the *Heflin* case the defendant raised, to the oral testimony of the court stenographer, the express objection that the records were the best evidence of the fact and manner of trial. We pointed out in our original opinion that where such objection is made it should be sustained. It follows that oral evidence introduced over such timely and valid objection was valueless as evidence upon which to base a legal verdict. Its defects being pointed out, and objection being made thereto on account of such defects, the objection should have been

sustained. In the opinion Judge Bleckley said: "Unless by admission or otherwise the formal proofs are waived or dispensed with, the production of the record or of a duly authenticated transcript thereof is, in such cases, essential." In the present case the court reporter testified as to the pendency of the proceeding in the superior court and of the issues involved. No objection of any kind was made thereto, but, on the other hand, the defendant in his statement admitted that he was sworn in the case. He stated: "Gentlemen, the stenographer read my statement; it was not an untrue statement; it was true and sworn to by me with my right hand up yonder, and I swear to it to-day; if it hadn't been the truth and the whole truth I would not have told it." We think, in the present case, "by admission or otherwise" the formal proofs of the judicial proceedings alleged have been dispensed with, no objection having been made to the testimony of the court stenographer on this issue at any time during the trial, the complaint here being based on the general grounds. In the *Heflin* case it clearly appears that objection was raised as to the competency and admissibility of the secondary evidence, and some of the language in the opinion is very broad; but the rulings there made are to be considered in the light of the facts as made by the record. It would be a manifest miscarriage of justice for a party litigant to assent to the introduction of secondary evidence in proof of the fact that certain testimony was given in a judicial proceeding, without requiring or insisting on the production of the formal proceedings or a transcript thereof, and, after the trial, for the court to sustain his complaint that the verdict was not supported by competent evidence.

The State introduced, without objection, evidence that the defendant gave testimony under oath, and that the usual form of oath was administered. In the cases cited by the plaintiff in error, on motion for rehearing, it appears from the reports of the decisions, or from the records of file in this court, what oath was administered to the defendant, and that such oath was not the lawful oath required. Where nothing appears to the contrary, this court will assume that a lawful oath was administered. The witness being sworn under the usual form of administering oaths, it

is prima facie legal. If defendant desired to question this, he might have inquired as to the language of the oath administered.

*Rehearing denied. Broyles, C. J., concurs.*

MacIntyre, J., dissenting. Nothing said by the majority of this court in their opinion on rehearing in any way changes my view that the judgment should be reversed. The opinion of the majority clearly represents a plain disregard of the rulings in the *Heflin* case, which arises from the fact that the majority think, as clearly evidenced by their opinion, that the ruling of the court there made was erroneous. That the *Heflin* case presents a misconception of the true law, is, as I understand the limitations placed upon the power of this court by the constitution, clearly beside the point. We are bound by a decision of the Supreme Court, whether right or wrong in our personal conceptions of the true law. To distinguish a decision of the Supreme Court, the difference should be plain and valid. Otherwise lawyers will never know what to advise their clients as the true law, nor judges how to try the cases before them.

It is true, as stated in the majority opinion on motion for rehearing, that the record in the *Heflin* case, of file in the clerk's office of the Supreme Court, discloses that the defendant objected to the evidence of the court stenographer which Judge Bleckley quoted in his opinion. However, it is clear from the opinion that Judge Bleckley held that this evidence was not objectionable, and that, taking the same as having been properly admitted, it was not sufficient to establish the existence of the judicial proceeding set out in the indictment. Judge Bleckley said: "The stenographer's evidence was all appropriate to open the way to the introduction of the evidence given by Heflin on the trial of Eddleman, and for that purpose it was all admissible; but in order to show the actual existence of the case of the State *v.* Eddleman as a judicial proceeding in the superior court of Fulton County, and its identity with the case described in the bill of indictment, it was necessary to go further and prove by the record an indictment against Eddleman (for he could not have been legally tried without an indictment), and that there was an issue raised upon that indictment, and what that issue was." Admitting in the present case, for the sake of argument, that the testimony of the stenographer concerning the trial of the case of Taylor *v.* Taylor, was admissible, yet,

under the ruling made in the *Heflin* case, I think it apparent that in order to show the actual existence of the case of Taylor *v.* Taylor, as a judicial proceeding in the superior court of Screven County, and its identity with the case described in the bill of indictment against the defendant, it was necessary to go further and prove by the record that there was a petition filed by the plaintiff and an answer joining issue thereon. It is to be remembered that the stenographer did not once testify as to the existence of any pleadings in the case. If the proceedings of the court were here being attacked by the defendant, it would, in the absence of a showing to the contrary, be presumed that there were proper pleadings filed therein; but in the present case it is a matter of proof on the part of the State, from which it should not be relieved, because upon the trial the defendant did not aid the State by demanding that the State make out a proper case against him. If the judicial proceeding in which the State contends the defendant committed perjury is void for any reason, there can be no assignment of perjury therein. The burden rests upon the State to show the existence of a valid judicial proceeding. The final determination of this question must of course be a question of law for the court. It can be solved only by an inspection of the pleadings. The State should not be relieved of producing the pleadings merely because the defendant failed to object to evidence of the court stenographer that such a described case was tried. If the court stenographer in the present case had testified to the existence of pleadings in the case and their contents, and the defendant did not object thereto, a different question would have been presented. I am not only of the opinion that the *Heflin* case is here controlling, but that the decision is a sound exposition of the law.