## 30275. BOOKER *v.* THE STATE.

DECIDED JANUARY 14, 1944.

*Earl W. Butler,* for plaintiff in error.
*Charles H. Garrett,* solicitor-general, contra.

BROYLES, C. J. Sylvester Booker was convicted of the offense of burglary, and was given the maximum and minimum punishment of twenty years in the penitentiary. His motion for a new trial was overruled, and that judgment is assigned as error.

The admission of the evidence complained of in special ground 1 of the motion, if technically erroneous, was not, under all the facts of the case, cause for a new trial.

Special ground 2 complains of the following charge to the jury: "Now, you will observe that in this indictment there is an allegation to the effect that the defendant was heretofore, on the 18th day of June, 1941, convicted of the felony offense of involuntary manslaughter in the commission of an unlawful act, in Bibb superior court under indictment No. 3519, and sentenced to the penitentiary. I charge you that you will not consider that allegation at all. You will not give it any consideration whatever in this case. You will completely ignore it, and erase it from your minds, and not give it any weight or bearing or any consideration in passing upon

the issues involved in this case. You are not concerned with that allegation at all, and you will remove it entirely from this case." The ground shows the following facts: During the trial, the jury were retired, and the solicitor-general stated that he would offer in evidence two indictments against the defendant in Bibb superior court. On one indictment, Sylvester Booker was sentenced to the penitentiary on May 14, 1932, for the offense of burglary. On the other, he was sentenced to the penitentiary on June 18, 1941, for the offense of involuntary manslaughter in the commission of an unlawful act. Both indictments were set forth in the present indictment. However, in the manslaughter case a motion for a new trial was filed and was then pending in Bibb superior court. Counsel for the defendant objected to the admission of the manslaughter indictment on the ground that the conviction in that case was not a final disposition thereof while the motion for new trial was undisposed of. He also made other objections to the admission of the indictment which are not necessary to be here considered. Whereupon the solicitor-general stated that he would ask the court to exclude the indictment from the evidence, because, "if it were admitted in evidence, and if a new trial should be granted Booker in that case, we would have to try this case, again." The court then stated: "I will sustain the objection to the indictment, that is, the involuntary-manslaughter indictment." Counsel for the defendant: "Your honor admits in evidence the burglary indictment No. 1641 and the plea of not guilty and the verdict of the jury and the sentence of the court. You rule out the other, the involuntary-manslaughter indictment?" The court: "Yes, sir, that is right." The charge complained of is assigned as error because it was prejudicial to the accused, in that it informed the jury that there was an allegation in the indictment that the accused, on June 18, 1941, was convicted in Bibb superior court of the felony offense of involuntary manslaughter in the commission of an unlawful act and sentenced to the penitentiary, "when there was no evidence in the record of same, and at a time when the jury had no knowledge of any such indictment or conviction or sentence;" nor "did the jury have any knowledge of the fact that a motion for a new trial filed by the defendant was pending in Bibb superior court seeking a new trial after his conviction on said involuntary-manslaughter charge . . before they returned their verdict find-

ing the defendant guilty in this case;" that "the court erred in referring at all to the involuntary-manslaughter indictment because the charge impressed the jury that defendant had previously been convicted under said indictment for the offense of killing a human being, and the court's instructions to the jury not to consider the allegations in the indictment that defendant had been previously convicted for the felony offense of involuntary manslaughter in the commission of an unlawful act and sentenced to serve in the penitentiary made the jury all the more eager to give it consideration, and this is especially true in view of the fact that the jury had no knowledge of such allegation in the indictment prior to the time the court informed them of that fact in said charge;" that "had it not been for said charge the jury would probably never have known about or noticed said allegation in the indictment upon which defendant was being tried. . . Said charge was prejudicial error and exceedingly harmful to him for the reason it was calculated to impress the jury, and in fact it did impress them, that the defendant was a criminal, and the very fact that the court made reference to said involuntary-manslaughter indictment in said charge emphasized the allegation and the error complained of." Under the facts of the case, as set forth in the ground itself, we hold that the charge was not error for any reason assigned.

Special grounds 3 and 4 assign error on the failure of the court to strike from the instant indictment the portion thereof that referred to the defendant's previous conviction and sentence in the involuntary-manslaughter case, by covering or pasting blank paper thereon, or in other manner obliterating it so as to be invisible to the jury trying the case; and that the court erred in sending out with the jury and permitting them to see the allegation in the instant indictment that the movant had previously been convicted in Bibb superior court of the felony offense of involuntary manslaughter in the commission of an unlawful act and sentenced to the penitentiary. We see no merit in these grounds. There was no request by the movant for the court to strike out of the instant indictment the portion thereof complained of, or to cover it up by pasting a paper over it. See *Smalls* v. *State,* 105 *Ga.* 669 (6) (31 S. E. 571), and cit. Furthermore, the court clearly and emphatically instructed the jury that the allegation in the instant indictment that the defendant had been previously convicted of the of-

fense of involuntary manslaughter could not be considered by them, and it can not be assumed that the jury disregarded the instructions of the court. *Crawford* v. *State,* 4 *Ga., App.* 789 (9) (62 S. E. 501).

Special ground 5 assigns as error a lengthy excerpt from the charge upon the subject of the punishment to be inflicted when the evidence showed that the defendant had been previously convicted of a felony and sentenced to the penitentiary. The gist of the assignments of error is that the evidence failed to show that the Sylvester Booker previously convicted of a felony and sentenced to the penitentiary was the defendant in the instant case, and that the court erred in failing to instruct the jury that the burden was on the State to show that the defendant Sylvester Booker in this case was the same Sylvester Booker, previously convicted. This ground is controlled by the decision in *Stinson* v. *State,* 65 *Ga. App.* 592 (16 S. E. 2d, 111). That case is on all fours with this case. In that case, this court held that "the identity of name shown on the two previous indictments with the present indictment was sufficient to establish prima facie that the defendant was the same man previously charged and convicted . . the defendant in his statement denied that he was guilty of the offense of burglary for which he was then on trial, and claimed that the stolen goods had been turned over to him by some other man, but he did not make any denial whatever of the State's proof that he had been twice previously convicted and sentenced for felony. There was therefore no controversy as to the identity of the defendant with the person convicted in the two previous cases. In the absence of any denial by the defendant, and no proof to the contrary, this identity of name was sufficient to show that Robert Stinson was the same man who had been previously convicted . . the judge did not err therefore in charging the jury as follows: 'Under the law, if you find this defendant guilty of the offense charged, the punishment he could receive would be the longest period which under the law is prescribed as punishment for burglary, which is twenty years. . . Now, if after considering all the evidence, including the defendant's statement, giving it such weight and credit as you think it is entitled to receive, you reach the conclusion that this defendant beyond a reasonable doubt is guilty, the form of your verdict would be: We, the jury, find the defendant guilty and fix his punishment

at not less than twenty years and not more than twenty years in the penitentiary.'" In the instant case, the defendant in his statement to the jury denied that he was guilty of the offense of burglary for which he was then being tried; but he did not make any denial whatsoever that he was guilty of the previous burglary for which he had been convicted and sentenced to the penitentiary. The nearest that he came to denying it in his statement was when he said: "I never broke into any place to get whisky," and that was no denial at all, since it appears that in the previous burglary he did not obtain any whisky, but did obtain chewing gum, cigarettes, candy, and similar articles.

As to the general grounds of the motion: The corpus delicti was clearly established; and the jury were authorized to find from the evidence that the defendant after the commission of the burglary made a full and voluntary confession. It is true that while making the confession he stated that he did not himself commit the burglary and had nothing to do with it, and that Richard Evans was the burglar. Notwithstanding this statement, he admitted in his confession, according to the evidence for the State, that he accompanied Evans to the storehouse in question and remained just outside of it, while Evans broke into it and stole several cases of whisky. He also admitted that Evans, while in the store, handed some of the whisky out to him, and that he and Evans carried a large quantity of it to the defendant's residence, and to his place of business. It is obvious that the confession disclosed that the accused was present at the scene of the crime, and was actively aiding and abetting Evans in its commission and was guilty as a principal. Furthermore, some of the whisky was found within a day or two at the defendant's residence. While the evidence for the State was self-contradictory in some respects, the verdict was authorized by the evidence, and the denial of a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*