## 33185. FLOURNOY v. THE STATE.

DECIDED OCTOBER 19, 1950.

*Goldberg & Payton,* for plaintiff in error.

*Wright Lipford, Solicitor-General,* contra.

TOWNSEND, J. ■ Louie Flournoy was indicted, tried, and convicted in the Superior Court of Coweta County of the offense of manufacturing whisky. He filed a motion for a new trial on the general grounds, which was later amended by adding one special ground, and the exception is to the judgment overruling this motion. The special ground is based on the refusal of the trial court to grant a mistrial, as follows: The solicitor, in direct examination of a policeman sworn as a witness for the State, and who testified as to arresting the defendants and finding the still, asked the following question: "Flournoy make any statement there?" The witness replied, "I was sitting in the middle, Farmer on one side and Louie sitting on this side of me. Farmer says, 'I done well played hell. I didn't have no damn business coming down here this morning.' I says, 'I guess you have.' He says, 'When they try this case they will find I didn't have anything to do with it. That just don't work.' I says, 'Louie has been in this liquor business a pretty good while.' "

Thereupon counsel for the defendant objected to the statement as irrelevant, immaterial, prejudicial and calculated to prejudice the minds of the jury, and immediately moved the court to declare a mistrial because of it. The court then ruled: "I sustain the objection. Gentlemen of the jury, you will not give any consideration to the statement of the witness in reference to the defendant. I overrule the motion and you will not give it any consideration at all."

It is contended that merely ruling out the statement that the defendant had been in the liquor business a long while and instructing the jury not to consider it did not serve to erase from the jury's mind the harmful impression which had been made by illegally injecting the defendant's character into the case; that the court did not reprimand counsel as he should have done, and that only the declaration of a mistrial could have safeguarded the defendant's right to a fair trial. Counsel cites *Johnson* v. *State*, 36 *Ga. App.* 127 (135 S. E. 492) as authority for this proposition. In that case the solicitor asked directly whether the defendant had been previously convicted for violating the prohibition law, and it was there held that the refusal to grant a mistrial was error. Courts of justice have the highest duty imposed upon them to safeguard the rights of defendants, and where, as there, a prosecuting attorney knowingly injects into the case by his questions an illegal element to the prejudice of the defendant, a mistrial is often the only complete and satisfactory remedy. However, in the present case, the solicitor asked a proper question, as to whether the defendant had made a statement at the scene of the arrest. The witness then proceeded to volunteer the entire conversation, including his own remark that Louie had been in the liquor business a pretty good while. In *Harrison* v. *State*, 60 *Ga. App.* 610 (4) (4 S. E. 2d, 602), and *Haynes* v. *State*, 80 *Ga. App.* 99 (2) (supra), it is held that, where the objectionable matter is volunteered by the witness, and not directly elicited by the solicitor, it is not reversible error to refuse to grant a mistrial, the court taking proper corrective measures by excluding the testimony and instructing the jury not to consider it. This was here done. There is no evidence that the refusal of the trial judge to go further and declare a mistrial was an abuse of his discretion.

■ The evidence supports the verdict and, having the approval of the trial court, it will not be disturbed by this court.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*