33777.   SMITH *v.* THE STATE.

Decided January 24, 1952—Rehearing denied February 26, 1952.

*Carlton Mobley, H. T. O'Neal Jr.*, for plaintiff in error.

*William M. West, Solicitor-General, Charles F. Adams*, contra.

GARDNER, J. ■ As to the general grounds, we might state that the evidence, without specifically going into it other than as we have related above, is amply sufficient to sustain the verdict. The only serious contention of distinguished counsel for the defendant here is to the effect that the evidence does not show that a lawful oath was administered to the defendant, on the application of A. C. Bailey for bail the day after Bailey killed McCommon. The application for bail was heard before Judge Anderson of the Macon Judicial Circuit. This is the first entry of the defendant in the transaction out of which the perjury charge against him began and continued until November 11, 1948, the date of a conviction in the instant case. Bailey killed McCommon on October 8, 1946. The oath required of a witness in a proceeding for bail will be found in the Code, (Ann. Supp.) § 24-3387. A witness for the State in the instant case, J. W. Tyson, Court Reporter for the Macon Judicial Circuit, testified among other things, that he, as reporter, took down the evidence in the application of A. C. Bailey for bail and that the defendant, in that case, "after he had been sworn with the oath as a witness in that case" testified as is revealed in detail by the court reporter witness, and by other witnesses as alleged in the indictment. This court in the case of *Smoak v. State*, 58 *Ga. App.* 299 (198 S. E. 99), and *Taylor v. State*, 59 *Ga. App.* 1 (200 S. E. 237), both cases pertaining to perjury, holds adversely to the contention of the defendant. In the *Taylor* case this court held, Judge Guerry speaking for the court: "In the trial of one under an indictment for subornation of perjury, where it is shown that the alleged perjuror was sworn and testi-

fied, it will be presumed that a lawful oath was administered to him, in the absence of proof to the contrary." Counsel for the defendant called our attention to several cases: *Cox* v. *State,* 13 *Ga. App.* 687 (79 S. E. 909); *Ashburn* v. *State,* 15 *Ga.* 246; *Aldridge* v. *State,* 39 *Ga. App.* 484 (147 S. E. 414); *Booth* v. *State,* 43 *Ga. App.* 279 (158 S. E. 612); and *Hicks* v. *State,* 67 *Ga. App.* 475 (21 S. E. 2d, 113). We have read these cases carefully, and in view of the able argument of counsel for the defendant. We will not go into these cases in detail for the reason that anyone who wishes to do so will have ready access to them without further search. We might say here in conclusion regarding this assignment that counsel for the defendant insist that these older decisions are controlling under the facts of this case, and that the facts in the cases of *Smoak* v. *State* and *Taylor* v. *State,* supra, are different from the facts in the instant case. We do not think that the facts in the instant case are materially different from the facts in *Smoak* v. *State* and *Taylor* v. *State.* It will be noted that there was no controversy or contrary proof in the evidence that any oath was administered to the defendant at the bail hearing other than the oath as a witness in that case. It was before a judge of the superior court, experienced in trials. It was before the court reporter, experienced in trials. He stated that the defendant on the bail hearing testified: "After he (the defendant) had been sworn with the oath as a witness in that case . . ." There is not one word in the record that the oath as a witness was not administered to him. Indeed, the record is replete with evidence that the defendant again and again himself stated that he had sworn falsely on this hearing. There is not one word anywhere except in the contention before this court that such an oath had not been administered to the defendant. Therefore, we say that the presumption was that he was properly sworn as a witness in that case, under that evidence. His able counsel at the trial, Judge Butler, did not cross-examine the court reporter as to who administered the oath, if such was necessary, nor did he intimate or contend until after the trial that the court reporter was in error when he stated that the oath as a witness had been administered to the defendant. Judge Butler himself, a former judge of the City Court of Macon, represented the defendant at that

time. Other counsel appear now. There is no merit in the assignment of error under the general grounds.

■ Special ground 1 assigns error on the refusal of the court to grant a motion for a continuance as follows: "Comes now the defendant . . announces 'not ready for trial' and moves for a continuance upon the following grounds:

"1. Because prior to Friday, November 5, 1948, neither the defendant nor his counsel ever had any knowledge of the fact that it would, be necessary for the defendant to go to trial before a jury, it being at all times before thought that the defendant entered a plea of guilty and that he would be given a suspended sentence. While there was no agreement that this would be done, the defendant did enter his plea of guilty and the Honorable Charles H. Garrett, Solicitor-General, on the date said plea was entered, to wit, November 3, 1948, did recommend to the court that the defendant be given a suspended sentence and fined the costs of court. The Honorable Mallory C. Atkinson, judge of this court, failed and refused to follow the recommendation of Mr. Garrett, and sentenced the defendant to serve two years in the penitentiary. On November 5, 1948, said plea of guilty was withdrawn by permission of Judge Atkinson and he assigned the case for trial on November 10, 1948, at 10 a.m., which is this date.

"2. Because counsel for the defendant has not had a fair and reasonable opportunity to prepare the defendant's case for trial. He was notified that the case would be called for trial on the date last above mentioned at 10:30 a.m. on November 5, 1948, and has had slightly more than three days, excluding Sunday, in which to prepare said case for trial. During that time counsel for the defendant, who can only prepare his case in his law office, has had many interruptions by other clients calling to see him at his office and over the telephone. Moreover, counsel for the defendant has not had an opportnuity to examine the law or authorities applicable to cases of this sort in a very satisfactory manner due to the facts hereinbefore set forth, and due to the fact that he has not had sufficient time in which to do so.

"3. Because counsel for the defendant has not had a fair and reasonable opportunity, due to the facts hereinbefore set forth,

to examine and consider the members of the jury as shown by the list of jurors, and for the purpose of securing a fair and impartial trial to the defendant. The list of jurors contains more than 200 names, and the defendant's counsel and the defendant are entitled to a fair and reasonable opportunity to acquaint themselves with the jurors who are to be selected to try the defendant's case.

"4. In the circumstances, well known to the court, the defendant moves that a continuance be granted him to the end that his counsel may be able to properly prepare his defense, and for the reasons herein set forth, the defendant feels that he cannot safely go to trial at this time. This November 10, 1948 . . ."

It is elementary that a motion for a continuance rests in the sound discretion of the court and the court's adverse ruling will not be disturbed unless this discretion is manifestly abused. It does not appear from the record conclusively when Judge Butler was employed to represent the defendant, but the record does disclose that Judge Butler represented the defendant in October, 1947, in connection with the transaction involved in this case. The record discloses further that after the defendant was indicted for perjury involved in the instant case, he pleaded guilty and the then solicitor-general, Honorable Charles H. Garrett, recommended that the defendant be given a suspended sentence and fined the court costs. There was no agreement on the part of the solicitor-general to make such a recommendation, to induce such plea. The judge of the superior court did not follow that recommendation, and sentenced the defendant to the penitentiary for a period of two years. Then on November 3, 1948, the judge of the superior court, being under no legal obligation to do so, exercised his discretion and permitted the defendant to withdraw his plea of guilty on November 5, 1948. On this date the court calendar was made, setting the instant case down for trial on November 10, 1948. On this latter date it was that the case was called for trial, and the motion for a continuance was made. The court overruled the motion. The defendant was put on trial, and a verdict of guilty was returned by the jury on count two of the indictment. It would seem that the court throughout his entanglement in this affair, as well as the jury, dealt very leniently with the defendant. The court did not abuse its

discretion in overruling the motion for a continuance. There is no merit in the contention here.

■ Special grounds 2 and 3. Counsel for the defendant and the State treat special grounds 2 and 3 together, since they are so closely related in effect. Special ground 2 assigns error upon the refusal of the trial court to declare a mistrial upon motion of the defendant after the solicitor-general offered in evidence the plea of guilty and the withdrawal thereof of the defendant. Code § 27-1404 provides: " . . . the prisoner may withdraw the plea of 'guilty' and plead 'not guilty' and such former plea shall not be given in evidence against him on his trial." It must be conceded that the introduction of such document was erroneous. The only question to be decided is, under the facts of this case, does such amount to reversible error? It is contended by counsel for the defendant that the effect of the introduction of this evidence by such a distinguished official as Mr. Garrett, was so great that nothing the court did could erase it. When the documents were offered in the presence of the jury, counsel for the defendant made an objection to such admission. The court sustained this objection, and the incident rested there until the following day when counsel for the defendant made a motion for a mistrial, out of the presence of the jury. The court overruled this motion, and stated to counsel for the defendant at the time, in the absence of the jury: "I am perfectly willing to give any instructions to the jury that might seem proper with reference to disregarding anything that might be offered and excluded, either including or directly referring to that particular item of evidence." Then it was that the court gave to the jury the charge excepted to in special ground 3, which is as follows: "Gentlemen of the jury, I want to give you certain precautionary remarks. You have been impaneled and sworn to try the case of the State against Thomas Smith, the defendant. During the trial of this case there has been offered as evidence, among other things, a certain supposed-to-be plea, that the defendant might have entered and withdrawn. Now when that was offered in evidence objection was made to that offering being admitted in evidence and that evidence was by the court excluded, and does not constitute any part of the evidence in this case. Now the purpose of my caution to you is to state to you that you should,

and must, completely disabuse your minds of any effect anything that might be offered and not received into evidence might have had because what you are concerned with is the evidence in the case and the defendant's statement, and it would not be proper for you to concern yourself over or permit to in anywise affect your judgment, anything which might have been offered but excluded from evidence."

After this charge was made, at the request of counsel for the defendant, the jury was again retired, and the defendant's counsel again made a motion for a mistrial because the court in its charge just above quoted amplified and magnified to the jury the error committed in introducing and withdrawing the plea of guilty, and the incident of erasing the harm done further impressed it on the minds of the jury that in the opinion of the court the defendant had entered his plea of guilty and withdrawn it, and that the effect of this was to state to the jury that the defendant was guilty. It is contended by counsel for the defendant in that argument that the court should have rebuked counsel for the State for offering this plea of guilty and withdrawing it. Whether the failure of the court to rebuke counsel for illegal and improper conduct will not always be a cause for reversal on overruling a motion for a new trial, depends at all times upon all the facts and circumstances of the case under consideration, and the precautionary measures taken by the trial judge to erase the alleged wrong, where, as here, under all the facts and circumstances of this case, as to those grounds, it has been held that such is a rebuke of counsel. See *A. G. Boone Company* v. *Owens,* 54 *Ga. App.* 379 (187 S. E. 899).

We might further add in connection with the discussion of this case that the indictment with the plea of guilty and the withdrawal thereof was out with the jury during its deliberation. There was no request by counsel for the defendant to the court to have such concealed from the jury. In our opinion, the very thing which counsel for the defendant is contending for here, was open for consideration by the jury. If one desires a verdict of guilty on an indictment in a formal proceeding in the same case concealed from the jury, a request so to do, to the court, should be made, and if no request is made the fact that the verdict goes out with the jury, affords the party no grounds to complain in

the motion for a new trial. See *Smalls* v. *State,* 105 *Ga.* 669 (31 S. E. 571) ; *Allen* v. *State,* 155 *Ga.* 332 (116 S. E. 534) ; *Booker* v. *State,* 70 *Ga. App.* 514 (28 S. E. 2d, 778). There was no objection to this verdict going out for the inspection of the jury. This is similar to a situation where a party objected to evidence and later permitted it to go in evidence without objection, thereby waiving the first objection. Under all the facts and circumstances of this case, we find no reversible error in these grounds.

■ Special ground 4 complains because the court refused to give the following written request to charge: "I charge you that the defendant in this case has filed his plea of not guilty. *He contends that if he in fact did what he is charged with having done in the indictment he was under the threats of bodily or other harm or means amounting to coercion or tending to coerce the will and actually causing him to act contrary to his free will and that he had reasonable and proper cause to believe, and did actually believe, that his life and member was in danger.* He contends further that he was not mentally responsible at the time or times alleged in the indictment, and that he had no intention to do the act or acts alleged in the indictment, if he, in fact, committed one or more of them. The defendant further contends that at the time or times alleged in the indictment he was working for A. C. Bailey as a truck driver, and that he had been working for him between ten and twelve years; that he did not remember anything that happened at the Canteen Beer Parlor on the night Mr. Bailey killed Mr. McCommon. That on the next morning Mr. Bailey told him what he, Bailey, said had happened, and that Mr. Bailey told him he had to say what Mr. Bailey told him had happened, and that he thought it was true until later when he found out better and told Mr. Garrett, the solicitor-general, about it. He further contends that he was crazy, and worried and scared, when he appeared before the coroner and before Judge Anderson, and that he did not know what he told before them and that he did not know what he was doing. He contends that he was scared of Mr. Bailey; that Mr. Bailey had already killed one man and that he did not know whether Mr. Bailey would kill him next or not. He further contends that when Mr. Bailey was being tried before Christmas in this court something happened to him [the defendant] and

that he could not remember anything that was going on and that Mr. Garrett got a doctor for him and that he had to go home and that it was the next morning when he came to. He further contends that he has never before been in any kind of trouble and he further contends that he is not guilty of knowingly or willfully doing any wrong." (Italics ours).

We think the court committed no error in refusing to give this charge as requested. The portion of the charge emphasized by underscoring is not applicable, under the facts of this case. The Supreme Court in *Burns* v. *State*, 89 *Ga.* 527 (5) (15 S. E. 748), holds to the effect that to excuse one from crime because of duress, the danger must not be one of future violence, but of present violence and immediate violence at the time of the commission of the forbidden act. The whole record shows that at the time this defendant committed the alleged perjury that A. C. Bailey was in the custody of the sheriff and confined in jail. There are many other defects in the request to charge which authorized the court to refuse to so charge, which we will not here point out. We will not deal with them in detail here. The court's charge as a whole, which we have carefully examined, fully covers the issue as to this phase of the case referred to in this ground. There is no merit in this contention.

■ We will deal with special grounds 5 and 6 together. Special ground 5 assigns error upon the refusal of the court to charge the following request: "Before you will be authorized to convict the defendant the State must show to a moral and reasonable certainty, and beyond a reasonable doubt, that he did willfully swear, and as alleged in the indictment. That is to say, it is essential that the State must show that if the defendant took an oath, it, when taken, was taken with deliberation and not through surprise, or confusion, or a bona fide mistake as to the facts, and this is true because if an oath is taken through surprise or confusion, or through a bona fide mistake of facts, that would not constitute willful swearing, and the person taking the oath and testifying would not be guilty of perjury."

Special ground 6 complains of refusal of the court to charge the following request: "And in addition to what I have heretofore charged, I charge you that before you would be authorized to convict the defendant the statements also show that a moral

and reasonable certainty, and beyond a reasonable doubt, and as alleged in the indictment, that the defendant did, with the knowledge of the falsity thereof, swear to the matter therein contained, that is to say, that he did so intentionally and designedly. And this is true in this case because where, as in this case, knowledge is made a part of the alleged offense the burden is on the State to prove scienter, which is the guilty knowledge."

As to the particular feature of the requested charge in special grounds 5 and 6 the court did charge: "Perjury shall consist in willfully, knowingly, absolutely and falsely swearing, either with or without laying the hand on the Holy Evangelistic of Almighty God or affirming in a matter material to the issue or point in question, in some judicial proceeding; by a person to whom a lawful oath or affirmation has been administered.

"An oath is willful when taken with deliberation, and not through surprise or confusion, or a bona fide mistake as to the facts.

"Knowingly means with knowledge of, and as here used means conscientiously and intentionally given either with knowledge of its falsity or not based upon an honest belief founded on proper cause or reasonable diligence to ascertain its truth.

"As to the essential elements of knowingly and falsely swearing, falsely swearing is knowingly affirming without proper cause, that is, where one swears willfully and corruptly, to a matter which he, according to his own lights, has no probable cause for disbelieving.

"Absolutely means completely, fully, thoroughly, entirely or beyond a reasonable doubt, and as here used means the positive and unequivocal statement of a material fact. Now as to each count in this indictment, before you will be justified in returning a verdict of conviction, you must believe beyond a reasonable doubt that the defendant, Smith, did in fact commit such fact of perjury, as set out in that count in the indictment and as perjury has been defined to you."

We cannot see how the requested charge could be construed to be clearer and fairer than the charge of the court as given. There is nothing in the case of *Hicks* v. *State,* 67 *Ga. App.* 475, supra, to the contrary held.

■ Special ground 7 contends for a reversal of this case because

of the refusal of the court to give a portion of the written request to charge as to (a) how a preponderance of the evidence should be established, and (b) that the request should be embraced in it, that the defendant's statement should be taken into consideration by the jury, along with all the evidence and circumstances concerning the case. We might state at the outset that we think that generally the charge on the plea of insanity should be given along with the general plea of not guilty, unless the charge as a whole substantially covers the principle of law contained in the request. But we should always examine the whole charge to determine whether or not the error complained of, if there be any, is of such gravity when we look to the whole record, as to require an appellate court to reverse the case. We have studied this record with this in view. As to the first assignment of error (a) as to the failure of the court to charge the jury as to determining where the preponderance of evidence lay, under Code § 38-106, this has given us consideration and difficulty. The evidence on the question of insanity of the defendant, and the defendant's statement on this question, as revealed by the record, is very skimpy, indeed, from the time the defendant entered into the picture with the homicide of McCommon as a background, throughout his trial, if indeed it is at all sufficient, to sustain such a plea. While it is urged by counsel for the State that the written request itself is not perfect in a minor particular point of doubt, in that the word "should" is embraced in the request, when Code § 38-107 uses the word "may", we place little credence on nicety of words such as that pointed out, and we are, therefore, dealing with the assignments of error in this special ground on the overall major premise of the substantial rather than the specific and looking at such as though the request was perfect. When we view, as stated, the whole picture on the question of insanity and the law which the court did not give in its general charge as to the burden of proof and preponderance of evidence and the defendant's statement we can reach no other conclusion than that the court did not commit reversible error in refusing to charge as requested the principle of law as to determining where the preponderance of evidence lay. This conclusion is reached, assuming, but not deciding, that the request was perfect and pertinent.

As to (b), the defendant's statement, this gives us little difficulty. This is true for the reason that the court in its charge, gave the jury full instructions as to the defendant's good character, as to the presumption of innocence, and as to the weight to be given the defendant's statement, and the court further stated: "If, from a consideration of the evidence, or from a lack of evidence, or from the evidence in the statement of the defendant, or from the statement of the defendant alone, you believe these contentions of the defendant to be the truth of the case, or if you believe either of these contentions of the defendant to be the truth of the case, it would be your duty to acquit him on such count . . ." This last statement of the court in the nature of a summary is an overall charge as to the issue involved. There is no reversible error in this assignment of error.

■ Special ground 8 assigns error because the court during its charge to the jury read count two of the indictment and that in the body of the indictment it is alleged that the offense of perjury for which the defendant was on trial on that count alleged the offense to have occurred on October 17, 1947, whereas the indictment was returned some seven months before that date, on February 27, 1947. It is contended that since the indictment was returned on February 27, 1947, and the date of the offense alleged to be October, 1947, that the date on which the offense was alleged to have been committed was an impossible date because it was approximately seven months after the return of the indictment. The evidence discloses that the offense of perjury for which the defendant was on trial occurred October 17, 1946. There was no demurrer filed to this irregularity. The evidence discloses that the crime occurred within the statute of limitations prior to the filing of the indictment. In such a situation, there appears no reversible error. *Grimes* v. *State*, 32 *Ga. App.* 541 (1) (123 S. E. 918); *Jones* v. *State*, 55 *Ga.* 625; *Spencer* v. *State*, 123 *Ga.* 133 (51 S. E. 294). No error appears in this special ground.

■ Special ground 9 assigns error because the court failed, without a request to do so, to charge the law pertaining to confessions. There are numerous authorities to the effect that even though the evidence authorizes a charge on confessions, in the

absence of a written request, it is not error to fail to so charge. We call attention to the case of *Sconyers* v. *State*, 67 *Ga. App.* 902 (2) (21 S. E. 2d, 504), and citations. Counsel for the defendant call our attention to *McAllister* v. *State*, 2 *Ga. App.* 654 (58 S. E. 1110), and *Chapman* v. *State*, 28 *Ga. App.* 107 (110 S. E. 332) and citations. There is nothing in these authorities to sustain the contentions of the defendant, as a careful reading will disclose. This special ground is without merit.

The court did not err in overruling the amended motion for a new trial for any of the reasons assigned.

This case was assigned to the first division of the court, and, there being a dissent in said division, was considered and decided by the court as a whole, as required by the act approved March 8, 1945 (Ga. L. 1945, p. 232). Upon a consideration of the case by the entire court, the case is

*Affirmed. Sutton, C. J., and Worrill, J., concur. MacIntyre, P.J., concurs specially. Felton and Townsend, J.J., dissent.*

MacIntyre, P. J., concurring specially. The tender of improper evidence by the solicitor-general is not controlling upon the question of whether or not a mistrial should be granted. The controlling question is, to my mind, always whether the defendant on trial has had a fair trial, not whether the solicitor-general has been guilty of improper conduct.

The indictment for perjury was in two counts. The defendant pleaded guilty to both counts. The solicitor-general recommended that the defendant be given a suspended sentence and fined the court costs. The court did not follow the recommendation, but gave the defendant a sentence of two years in the penitentiary. Thereafter, the court allowed the defendant to withdraw his plea of guilty to both counts and then to plead not guilty to both counts. On the trial the jury found the defendant not guilty on count 1, but guilty on count 2.

The defendant made no request to erase or cover the pleas of guilty which were on the indictment when the jury retired to the jury room and such pleas were not concealed. It will be seen that although the defendant had pleaded guilty to both counts, the jury found him guilty on the second count only.

The corrective measures of the court, in not permitting the introduction of these pleas in evidence and in instructing the

jury that it should not and must not consider this improper evidence (tendered but not allowed) and that it would be improper to let such evidence in anywise affect their judgment as jurors, were sufficient, under the circumstances shown by the record.

I am reinforced in the belief that the jury followed the direct and positive instruction of the court to entirely disregard this improper tender of evidence by the fact that the jury did not find the defendant guilty in accordance with his pleas of guilty to both counts, but only found him guilty on one count. In short, the corrective measures used were effective and sufficient under the circumstances. *Georgia Life Ins. Co.* v. *Hanvey,* 143 *Ga.* 787 (85 S. E. 1036) ; *Trammell* v. *Atlanta Coach Co.,* 51 *Ga. App.* 705, 711 (181 S. E. 315).

I am of the opinion that the judgment should be affirmed.

TOWNSEND, J., dissenting. It is my opinion that the trial court erred in overruling the second special ground of the amended motion for a new trial. Code § 27-1404 provides in part as follows: "The prisoner may withdraw his plea of 'guilty' and plead 'not guilty', and such former plea shall not be given in evidence against him on his trial." Notwithstanding this provision of the law the solicitor-general offered in evidence the plea of "guilty" which had been withdrawn by the defendant and for which the plea of "not guilty" had been substituted. In *Johnson* v. *State,* 36 *Ga. App.* 127 (135 S. E. 492), it is held as follows: "Refusal to declare a mistrial was error where the prosecuting attorney asked a witness whether the defendant, who was then on trial for a violation of the prohibition law, had ever before been convicted of a violation of that law, and the witness answered that the defendant had twice been convicted of violating that law, and where the court, without reprimanding the attorney, excluded the question and answer and instructed the jury not to consider them, as the defendant had not put his character in issue." See also *Richardson* v. *State,* 41 *Ga. App.* 226 (152 S. E. 599). *Harrison* v. *State,* 60 *Ga. App.* 610 (4 S. E. 2d, 602), *Haynes* v. *State,* 80 *Ga. App.* 99 (55 S. E. 2d, 646) and *Flournoy* v. *State,* 82 *Ga. App.* 518 (61 S. E. 2d, 556) do not apply here because the witnesses there volunteered improper testimony which was not elicited by a question of counsel and

the court ruled out the testimony and otherwise applied corrective measures. Here the court did no more than was done in *Johnson* v. *State*, supra. The evidence was tendered by the solicitor-general in direct violation of a provision of the Code and the court merely ruled it out and instructed the jury to disregard it.

The failure of counsel for the defendant to request that the plea of guilty which appeared on the indictment that went out with the jury be concealed waived nothing. It would be folly to paste something over it and thereby conceal it from the jury after the jury had already been told all about it. The jury did not learn of this plea from the indictment which they had out with them. They found out about it when the solicitor-general introduced it in evidence, and had as full and complete knowledge of it before it appeared to them on the indictment in the jury room as afterward.

In *Flournoy* v. *State*, supra, this court held as follows: "Courts of justice have the highest duty imposed upon them to safeguard the rights of defendants, and where . . a prosecuting attorney knowingly injects into the case by his questions an illegal element to the prejudice of the defendant, a mistrial is often the only complete and satisfactory remedy." It is the opinion of the writer that no harm can be done a defendant greater than that of calling to the attention of the jury the fact that he has previously pleaded guilty to the same charge for which he is on trial under a subsequent plea of "not guilty". For this reason no doubt, our lawmakers placed in the Code section the provision that "such former plea shall not be given in evidence against him on his trial." There are some prejudicial errors that can be corrected by instructions and rebukes on the part of the trial court. There are others that such measures only tend to accentuate. It is the opinion of the writer that an error such as the one here involved belongs to the latter class and that only a mistrial could serve to correct it.

The error here cannot be said to be harmless on the theory that the evidence demanded a verdict. A verdict is never demanded in a criminal case if the jury by believing the defendant's statement in preference to the sworn testimony would be authorized to acquit. Under the defendant's statement in this case the jury

would be authorized to find that the defendant at the time he gave the testimony in question was not of sound mind, and that he gave his testimony under duress.

I am authorized to say that Felton, J., joins me in this dissent.