## 69100. COOPER v. THE STATE.
(325 SE2d 877)

SOGNIER, Judge.

Appellant was convicted of two counts of incest by engaging in sexual intercourse with two of his granddaughters.

1. Appellant contends the trial court erred by allowing two of his adult daughters to testify that appellant had sexual intercourse with them when they were young girls living at home. He also contends error in allowing one of the daughters to testify that she became pregnant by appellant, necessitating an abortion. Appellant argues that because the incestuous acts with appellant's daughters occurred several years prior to the offenses charged, they do not establish appellant's bent of mind at the time of commission of the offenses alleged

in the instant case. Appellant also argues that his daughters' testimony offered no proof of similar offenses committed by appellant about the same time as the acts of which he was accused here.

Before evidence of independent similar crimes is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was, in fact, the perpetrator of the crime; second, there must be sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). Evidence of independent crimes has been admitted to show bent of mind, and the exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses. *Johnson v. State*, 242 Ga. 649, 652 (3) (250 SE2d 394) (1978). Although lapse of time is one of the more important factors to weigh in considering the admissibility of evidence of similar crimes, it is not wholly determinative. *Campbell v. State*, 234 Ga. 130, 132 (214 SE2d 656) (1975).

In regard to similarity of offenses, appellant started having intercourse with his granddaughters when one of them was about 11, and the other was 9 or 10 years old. Appellant would wait until no one was in the house except he and one granddaughter and take that granddaughter into a bedroom and either take her clothes off or make her remove her clothes. Appellant would then have intercourse with the granddaughter and warn her not to tell anyone what happened. The same procedure was followed with both granddaughters. In the case of appellant's two daughters he followed the same procedure, taking them into a bedroom when no one else was home, forcing them to disrobe, and having sexual intercourse with them. He also warned his daughters not to tell anyone what happened. Thus, we believe the evidence was more than sufficient to show similarity between the independent incestuous acts with appellant's daughters and those with his granddaughters.

In regard to the fact that almost 19 years had elapsed between the independent crimes and the offenses with which appellant was charged here, appellant started having an incestuous relationship with his daughters when they were young girls (12 and 14, respectively), just as he did with his granddaughters. Obviously many years are going to elapse between the time such acts occur with his daughters and the time such acts occur with the children of one of those daughters. Under such circumstances, we do not believe the lapse of time between the independent crimes and the offenses charged is a determinative factor which would make such evidence inadmissible. *Campbell*, supra. The lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility. *Milton v. State*, 245 Ga. 20, 26 (262 SE2d

789) (1980); *Barnes v. State,* 157 Ga. App. 582, 583 (1) (277 SE2d 916) (1981).

Appellant also contends it was error to allow one of his daughters to testify that she became pregnant by appellant and had an abortion as a result of appellant's incestuous relationship with her. However, appellant made no objection to such testimony at trial, and it is well-settled that this court will not consider issues raised for the first time on appeal. *Scott v. State,* 243 Ga. 233, 234-235 (253 SE2d 698) (1979).

2. Appellant contends error in allowing one of his granddaughters to remain in the courtroom during the testimony of her sister after the rule of sequestration was invoked. In this regard the court notified appellant that all witnesses were sequestered except the two granddaughters, who would remain in the courtroom. Appellant made no objection at the time, and made no objection when the testimony of one granddaughter was offered in the presence of her sister. Thus, he cannot raise this issue on appeal. *Scott,* supra.

3. Appellant contends error in the court's failure to charge the jury at the time appellant's daughters testified that such testimony could be considered only for the limited purpose of showing appellant's bent of mind. Although appellant is entitled to such a charge upon request, *State v. Johnson,* 246 Ga. 654, 656 (2) (272 SE2d 321) (1980), he made no request for such a charge at the time the testimony was offered, or at the conclusion of such testimony. Further, the trial court gave a limiting instruction on such testimony in his charge to the jury in language similar to that approved by our Supreme Court in *Payne v. State,* 233 Ga. 294, 313 (VI) (210 SE2d 775) (1974). Thus, there was no error.

4. Appellant's remaining enumeration contends error in the court's charge on the standard of proof to be applied, contending it shifted the burden of proof to appellant. This enumeration is without merit. In response to the trial court's question as to whether counsel had any objection to the court's charge to the jury, appellant's counsel stated he had no objection. Thus, he waived his right to enumerate error as to this charge. *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED JANUARY 9, 1985.

*Charles R. Reddick, Kathy D. Hackel,* for appellant.
*Lew S. Barrow, District Attorney, David C. Walker, Robert B. Ellis, Jr., Assistant District Attorneys,* for appellee.