A92A1438. STARNES v. THE STATE.
(424 SE2d 4)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of rape, attempted rape, incest, cruelty to children, and four counts of aggravated sodomy. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The victim was, in each instance, appellant's own daughter. The various crimes had occurred either in 1984, when appellant's daughter was 11, or in 1988, when she was 15. The State sought to introduce evidence that appellant had previously committed similar offenses. That evidence showed the following: In 1955, appellant had begun sexually abusing his sister when she was five and she was thereafter subjected to his acts of sexual abuse until 1961, when she reached the age of eleven. In 1959, he had begun sexually abusing another of his sisters when she was five and she was thereafter subjected to his acts of sexual abuse until 1967, when she reached the age of thirteen. In 1961, appellant had begun sexually abusing yet another of his sisters when she was four and she was thereafter subjected to his acts of sexual abuse until 1977, when she reached the age of sixteen. Although the extreme acts of sexual abuse which underlay the instant prosecution occurred in 1984 and 1988, appellant had actually begun sexually abusing his daughter in 1978, when she was five or six. Over objection, the trial court admitted this evidence of appellant's

prior acts of sexual abuse. Citing *Gilstrap v. State*, 261 Ga. 798 (410 SE2d 423) (1991), appellant enumerates this evidentiary ruling as error.

At issue in *Gilstrap* were eight prior incidents of child molestation. Although very similar in nature, each of those prior eight incidents had allegedly occurred during only certain isolated periods of time within the more than thirty years which preceded commission of the acts for which the defendant was being tried. The Supreme Court did not broadly hold that none of the eight prior incidents was admissible. Instead, it merely held: "Where 'similar transaction' evidence has been admissible otherwise, lapses of time of 11 years ([cit.]) and of 19 years ([cit.]) have not demanded that the evidence was inadmissible. It should be clear, however, that *an event* 31 years in the past is too remote." (Emphasis supplied.) *Gilstrap v. State*, supra at 799 (1b). Accordingly, when the State seeks introduction of an accused's commission of a series of similar but otherwise isolated prior crimes, those isolated events in the series which occurred no more than 19 years previously are not necessarily inadmissible for remoteness. However, those events which occurred more than 31 years previously are necessarily inadmissible for that reason.

Unlike *Gilstrap*, the instant case does not concern prior acts which, although very similar in nature, had allegedly occurred at only certain isolated times within an extended period which preceded commission of the acts for which appellant was being tried. The State's evidence showed that, commencing in 1955, appellant began a pattern whereby he would subject his young sisters to sexual abuse until they reached puberty and that his conduct in that regard had continued until 1977, which was about the time that he then began sexually abusing his own young daughter. Thus, the evidence shows appellant's almost *continuous* course of *identical* conduct over the *entire* 29-year period *immediately* preceding the 1984 acts of sexual abuse against the victim in the instant case and the 33-year period *immediately* preceding the 1988 acts of sexual abuse against her.

Accordingly, *Gilstrap* is factually distinguishable and *Cooper v. State*, 173 Ga. App. 254 (1) (325 SE2d 877) (1985), which was cited with apparent approval in *Gilstrap*, is controlling. "Obviously many years are going to elapse between the time . . . acts [of sexual abuse] occur with [appellant's young sisters] and the time such acts occur with his [own daughter]. Under such circumstances, we do not believe the lapse of time between the independent crimes and the offenses charged is a determinative factor which would make such evidence inadmissible. [Cit.] The lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility. [Cits.]" *Cooper v. State*, supra at 255-256 (1). It follows that here, as in *Cooper*, the evidence was prop-

erly admitted as relevant to show appellant's plan, scheme, bent of mind and course of conduct, whereby he would subject his young female relatives to his acts of sexual abuse. See also *Ortiz v. State*, 188 Ga. App. 532, 536 (5) (374 SE2d 92) (1988); *Copeland v. State*, 160 Ga. App. 786, 787 (4) (287 SE2d 120) (1982).

2. The indictment alleged appellant's commission of cruelty to children in that he caused "cruel and excessive physical and mental pain [to the victim] by sodomizing her and having sexual intercourse with her. . . ." The evidence showed that appellant had committed acts which authorized his four convictions for aggravated sodomy and his conviction for rape. Appellant urges that, under these circumstances, the cruelty to children count merged into his aggravated sodomy and rape convictions.

This contention is without merit. The conviction for cruelty to children is supported by the additional evidence that appellant's daughter had experienced pain as the result of the act of sexual intercourse to which she had been forced to submit. *Ranalli v. State*, 197 Ga. App. 360, 363 (2b) (398 SE2d 420) (1990).

3. The incest count did, however, merge into the rape conviction. *Ramsey v. State*, 145 Ga. App. 60, 64 (10) (243 SE2d 555) (1978), rev'd as to sentence only, 241 Ga. 426 (246 SE2d 190) (1978). Accordingly, the trial court erred in entering a separate judgment of conviction and sentence on the jury's verdict of guilt as to the incest count.

This error is not rendered harmless by the fact that the trial court imposed concurrent rather than consecutive sentencing for the incest conviction. OCGA § 16-1-7 (a) (1) authorizes a multiple *prosecution* for all crimes that may be established by an accused's conduct, but that statute also specifically prohibits multiple *convictions* for included crimes. Under the facts of this case, appellant's incest with his daughter is an included crime in his act of raping her. It follows that appellant's separate conviction for incest and any sentence whatsoever imposed thereon must be reversed.

4. The trial court erred in charging the jury that the statute of limitations for attempted rape is seven years. The statute of limitations is seven years for rape, but is four years for attempted rape. OCGA § 17-3-1. (b, c).

The error was, however, harmless. The only factual dispute was whether an attempted rape had *ever* occurred. If it did, it was undisputed that it *had* occurred within the applicable four-year statute of limitations. Under these circumstances, the erroneous charge could not have resulted in the return of an unauthorized guilty verdict as to attempted rape. "[T]he evidence as to this element of the crime was undisputed and the jury could not have been misled or confused to the harm of [appellant]. [Cit.]" *Bennett v. State*, 130 Ga. App. 510, 511 (5) (203 SE2d 755) (1973).

5. The judgment of conviction and sentence for incest is reversed. The judgments of conviction and sentences for the remaining offenses are affirmed.

*Judgments affirmed in part and reversed in part. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED OCTOBER 22, 1992.

*Donna L. Avans,* for appellant.

*Timothy G. Madison, District Attorney, Jeffery G. Morrow, Assistant District Attorney,* for appellee.