A93A0873. TURNER v. THE STATE.
(431 SE2d 727)

BLACKBURN, Judge.

The appellant, Kathy Jo Turner, was convicted by a jury of aggravated assault and sentenced to five years' imprisonment. The appellant subsequently filed a motion for new trial and the motion was denied by the trial court. On appeal, the appellant contends that the trial court erred in allowing the victim to place appellant's character in issue in response to a question asked by the appellant's counsel and a mistrial was warranted.

At trial, the 17-year-old victim testified that on the morning in question, she saw the appellant at a teen nightclub. The appellant and the victim had met approximately four years earlier and had established a friendship. The appellant and another individual walked past the victim while the victim was talking to a friend, and the appellant turned around toward the victim. Thereafter, the appellant hit the victim and told the victim to leave the nightclub. The victim subsequently hit the appellant and after a few of their friends interrupted the scuffle that followed, the appellant walked away. Another fight ensued between the appellant and the victim and as a result of this second encounter, the victim was cut by the appellant with a razor from the middle of her left ear down to her throat. The victim later saw the appellant outside of the nightclub and identified the appellant as her assailant.

In response to defense counsel's question on cross-examination concerning inconsistencies made in her statement to the police, the victim indicated that at the time of the statement, she did not know who had cut her, "but [she] was pretty sure [that the appellant] did because she's cut all kind of people. She's cut someone before. She's assaulted someone with a knife, and then she's been bragging about it." The trial court sustained the defense counsel's general objection to the victim's answer because the answer was not responsive to the question. However, the trial court did not provide curative instructions to the jury and the appellant's counsel did not ask for these instructions. In addition, the appellant's counsel did not move for a mistrial after the victim responded.

Assuming arguendo that the victim's response incidentally placed the appellant's character in issue, the appellant did not object to the victim's response to the question based upon that ground. " 'The trial court was not asked to rule on (this) ground and thus there is nothing to review. It is well established that appellate courts may not consider

objections to evidence not raised at trial.' (Citations and punctuation omitted.) [Cit.]" *Sales v. State*, 199 Ga. App. 791, 792 (406 SE2d 131) (1991). By failing to object on the basis that the victim's response placed the appellant's character in issue, the appellant waived any objection that she might have had on that issue. *Favors v. State*, 145 Ga. App. 864 (244 SE2d 902) (1978). In addition, the appellant's attorney did not move for a mistrial after the victim responded to the question, and as this court has held in *Garner v. State*, 180 Ga. App. 146 (348 SE2d 690) (1986), a mistrial will not be granted where a motion for mistrial is not made contemporaneously with the alleged misconduct. " 'A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later.' [Cit.]" *Favors*, supra at 866. Accordingly, the appellant's enumeration is without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993.

*Paul S. Han*, for appellant.

*J. Tom Morgan III, District Attorney, Barbara B. Conroy, Gregory A. Adams, Stacy Y. Cole, Assistant District Attorneys*, for appellee.