A93A0067. McGEE v. THE STATE.

(433 SE2d 374)

BIRDSONG, Presiding Judge.

Ezra Lamont McGee appeals his convictions of two counts of armed robbery, three counts of possession of a firearm during the commission of a crime, and one count of kidnapping. McGee was also tried for one count of criminal attempt to commit armed robbery and another count of possession of a firearm during the commission of a crime, but was not convicted of these offenses. He contends the trial court erred by denying his motion to suppress evidence of a photographic lineup, the State failed to prove venue beyond a reasonable doubt as to three of the offenses, and the evidence was insufficient to sustain his convictions of certain offenses within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

The transcript shows a clerk at the Clothes Pin Laundry in Thomasville, Georgia, was robbed, and at trial identified McGee as the person who robbed her, and identified glasses, clothing, and a weapon taken from McGee after his arrest as being similar to those used or worn by the robber. Further, this witness testified that after she was presented with a group of photographs on two prior occasions, on the third occasion she identified McGee from his photograph as the person who robbed her.

Additionally, the clerk at the Pack 'N Sack in Ochlocknee testified and also identified McGee as the man who robbed her, identified clothing and the gun taken from McGee as similar to the ones worn and used by the man who robbed her, and also authenticated the videotape taken of the robbery by the store's security camera. This witness also testified that McGee took her at gunpoint to the store's cold storage locker and forced her to remain inside.

Later, McGee went to a Circle K store in Thomasville with his accomplice; the accomplice went to the door of the Circle K with a pistol, but could not enter because the door was locked. Later McGee and his accomplice went to a service station that they planned to rob, but were apprehended by the police before they could do so.

After his arrest and having been warned of his rights, McGee made a statement concerning his participation in the crimes. *Held*:

1. McGee contends the trial court erred by denying his motion to suppress his out-of-court identification in a photo lineup. The test for determining whether a due process violation occurred in cases like this "is whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *McCoy v. State*, 190 Ga. App. 258, 260 (378 SE2d 888). The considerations in evaluating the likelihood of misidentification include: (a) the opportunity of the witness to view the criminal at the time of the crime, (b) the witness' degree of attention, (c) the accuracy of the witness' prior description of the criminal, (d) the level of certainty demonstrated by the witness at the confrontation, and (e) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401); *McCoy v. State*, supra. Considering these factors in light of the testimony of the victim of the robbery at the Clothes Pin Laundry and especially the closeness of the victim to McGee during the robbery, we conclude that under the "totality of the circumstances" (*Neil v. Biggers*, supra), the procedures used in this case were not so impermissibly suggestive as to cause a very substantial likelihood of irreparable misidentification. Nevertheless, assuming error in the admission of the identification through the photo lineup, we find any error harmless beyond a reasonable doubt in view of the overwhelming evidence of McGee's guilt, including his confession to the crime. *Johnson v. State*, 238 Ga. 59, 60 (230 SE2d 869).

2. McGee's second enumeration of error contends the State failed to prove venue beyond a reasonable doubt regarding the crimes of armed robbery, possession of a firearm during the commission of a crime, and kidnapping at an Ochlocknee, Georgia, convenience store. Generally, criminal trials shall be tried in the county where the crime was committed (Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a)), and venue is a jurisdictional fact that must be proven as part of the general case. *Dempsey v. State*, 52 Ga. App. 35 (182 SE 56). Additionally, although venue must be proven beyond a reasonable doubt (*Adsitt v. State*, 248 Ga. 237, 239 (282 SE2d 305)), if venue is not contested at trial, slight proof of venue will suffice. *Green v. State*, 260 Ga. 625, 626 (398 SE2d 360). Further, venue is an issue to be decided by the jury, and, if any evidence supports the jury's decision, it will not be set aside. *Jones v. State*, 245 Ga. 592, 596 (266 SE2d 201). In this appeal, McGee did not contest venue in the trial court; a Thomas County sheriff's deputy testified he was called to investigate a robbery at the Pack 'N Sack at the intersection of Highway 19 and Highway 188 in Ochlocknee; McGee was taken to the Thomas County jail after he was apprehended; and the victim of the

robbery testified that "this" happened in Thomas County, Georgia. Although the victim's testimony that "this" happened could be interpreted as referring to something other than the crimes for which McGee was convicted, it was equally susceptible to being interpreted as these crimes. "Because no evidence conflicts with the conclusion that the crime[s were] committed in [Thomas] County, we find this evidence sufficient to establish venue in [Thomas] County." (Citation and punctuation omitted.) *Levitt v. State*, 201 Ga. App. 63, 64 (410 SE2d 170).

3. McGee's last enumeration contends the evidence is insufficient to sustain his convictions under *Jackson v. Virginia*, supra. On appeal, the presumption of innocence no longer avails and we view the evidence in a light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (366 SE2d 849). "Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. [Cits.]" *Witherspoon v. State*, 262 Ga. 2 (412 SE2d 829).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JUNE 28, 1993.

*Andrews & Seery, S. Andrews Seery*, for appellant.
*H. Lamar Cole, District Attorney, Mark E. Mitchell, Assistant District Attorney*, for appellee.