## A93A1342. BRYSON v. THE STATE.
(437 SE2d 352)

BLACKBURN, Judge.

In a two-count indictment, the appellant, James Franklin Bryson, was convicted by a jury of aggravated child molestation involving two of his granddaughters. Following a trial by jury, he was convicted of both offenses, and sentenced to 15 years' imprisonment on each count, to serve consecutively. This appeal follows the trial court's denial of his motion for new trial.

1. Bryson initially asserts that the trial court erred in charging the jury on the law of aggravated child molestation because the evidence did not support such a charge.[1] We disagree.

At trial, the state presented the unrebutted medical testimony of a pediatrician who examined both victims within days of the molestation. The pediatrician opined that the physical findings that he observed during his examinations were consistent with fondling. His examinations revealed redness in the vaginal areas of both victims in addition to an irregular notch at the 3:00 o'clock position of the older victim's hymen. Moreover, both victims testified that Bryson's inappropriate touching of their genital areas hurt them. This evidence showed that Bryson molested the children with such force as to have resulted in physical injury to the children. *Toles v. State*, 202 Ga. App. 815 (1) (415 SE2d 531) (1992). See also OCGA § 16-6-4; *Adams v. State*, 186 Ga. App. 599 (1) (367 SE2d 871) (1988). Accordingly, the trial court's instruction to the jury on the statutory definition of aggravated child molestation contained in OCGA § 16-6-4 was autho-

---

[1] Two of Bryson's five enumerations of error are not supported by argument or citation of authority and are deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2); *Levanthal v. Seiter*, 208 Ga. App. 158 (3) (430 SE2d 378) (1993); *Plante v. State*, 203 Ga. App. 33 (3) (416 SE2d 316) (1992).

rized by the evidence. *Shields v. State*, 202 Ga. App. 659, 661 (415 SE2d 478) (1992).

2. Bryson next maintains that the trial court erroneously admitted into evidence prior similar transactions involving two of his nieces and two sisters-in-law, which occurred in the distant past. Bryson further argues that those transactions were too remote, and the trial court's improper admission of the transactions rendered him defenseless.

Ordinarily, evidence of independent offenses committed by an accused is irrelevant and inadmissible in a prosecution of an accused for a particular crime. *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991). However, " '[e]vidence of similar crimes (or transactions) is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact.' " *Guyton v. State*, 206 Ga. App. 145, 146 (1) (424 SE2d 87) (1992). Before such evidence is deemed admissible, the state must show that the accused was in fact the perpetrator of each prior offense and that there is sufficient similarity between the prior independent offense and the offense charged. Id. at 146. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). This exception to the general rule of inadmissibility has been most liberally extended in the area of sexual offenses, and has been used to show a defendant's lustful disposition and to corroborate the victim's testimony. *Stine v. State*, 199 Ga. App. 898 (2) (406 SE2d 292) (1991); *Payne v. State*, 207 Ga. App. 312, 315 (428 SE2d 103) (1993).

Both the subject case and the prior transactions involved Bryson's sexual exploitation of young family members, and are sufficiently similar to justify admission. *Stine*, supra.

The trial court did not apply the balancing test in determining the admissibility of the similar transaction evidence; however, it is clear that the relevancy of this evidence outweighed its prejudicial impact. The defendant did not raise this issue on appeal so it will not be considered. *Cantrell v. State*, 210 Ga. App. 218 (435 SE2d 737) (1993). Cf. *Payne v. State*, supra at 316.

While we do agree that "lapse of time is an important factor to be weighed when considering the admissibility of evidence of independent crimes, it is not wholly determinative." (Citations and punctuation omitted.) *Shields*, supra at 660. Considering the fact that all of the prior transactions occurred within 31 years of the offenses for which Bryson was on trial, we cannot say that the prior occurrences are inadmissible per se. *Gilstrap v. State*, 261 Ga. 798, 799 (410 SE2d 423) (1991). Cf. *Starnes v. State*, 205 Ga. App. 882 (424 SE2d 4) (1992) (where the court deemed admissible as prior similar transaction evidence of defendant's continuous course of conduct over a 29-year and 33-year period immediately preceding the offense at trial).

The prior transactions specifically challenged by Bryson based upon remoteness involved two of his sisters-in-law, while the offenses for which he was on trial involved another generation of his family, his granddaughters. Where different generations are involved, as in the case sub judice, obviously many years are going to lapse between the acts. *Cooper v. State*, 173 Ga. App. 254 (325 SE2d 877) (1985). Under such circumstances, the lapse of time between the independent transactions and the offenses charged "goes to the weight and credibility of such testimony, not its admissibility. [Cits.]" *Id.* at 255-256. Inasmuch as the state met the requirements necessary for the admission of this evidence, we conclude that the trial court's admission of the prior transactions was not erroneous.

We reject Bryson's contentions that Uniform Superior Court Rule 31.3 mandates the presentation of evidence from witnesses subject to cross-examination. As we stated in *McGowan v. State*, 198 Ga. App. 575, 576 (1) (402 SE2d 328) (1991), " 'Uniform Superior Court Rule 31.3 "clearly grants the trial court the discretion as to the reception of evidence. There is no *per se* right to an evidentiary hearing, only to a hearing, nor any mandatory obligation to produce testimonial evidence." (Cit.) [Counsel's] statement in place as to what was expected to be shown revealed facts so as to constitute sufficient similarity, especially as regards sexual crimes, between the prior acts and the offense(s) on trial to permit the admission of such evidence. (Cit.)' [Cit.]" See also *Hall v. State*, 181 Ga. App. 92, 93 (1) (351 SE2d 236) (1986). This procedure was sanctioned by our Supreme Court in *Stephens*, supra at 468-469. "The purpose of the rule having been served by what transpired, this ground raises no reversible error." *Hall*, supra at 94.

3. Lastly, Bryson asserts that the trial court erred in considering the prior occurrences during the sentencing phase of his trial. He further maintains that the trial court erroneously concluded that the jury determined his guilt of the prior offenses by finding that he was guilty of aggravated child molestation. However, Bryson failed to voice any objection during the pre-sentencing phase of the trial, and accordingly, appellate review is precluded. *Chapman v. State*, 154 Ga. App. 532 (4) (268 SE2d 797) (1980); *Williams v. State*, 165 Ga. App. 553 (301 SE2d 908) (1983).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 26, 1993.

*James A. Robbins, Jr.*, for appellant.

*Jack O. Partain III, District Attorney*, for appellee.