### A94A0111. SHOEMAKE v. THE STATE.
(445 SE2d 558)

BEASLEY, Presiding Judge.

Shoemake appeals her conviction of armed robbery. OCGA § 16-8-41.

During the State's cross-examination of a character witness as to defendant's reputation, the district attorney asked for and was permitted a bench conference. He stated that he was going to ask the witness if he had heard that Shoemake pled guilty to the charge for which she was on trial. Defense counsel stated in objection, "That's putting her character in issue." The prosecuting attorney responded, "You just did that." The court allowed the question, and the State cross-examined in the hearing of the jury:

"Q. Did you hear that she walked in this little room back here several months ago and [pled] guilty to this armed robbery charge she's now standing trial for?"

After initially equivocating, the witness admitted that he had heard it. The State repeated:

"Q. You knew about it, didn't you?

"A. Yeah."

Shoemake was then called and explained to the jury that she had pled guilty to this charge because she was scared, did not realize that she was not guilty, and was told it was the best thing to do because she might get a life sentence; however, she ultimately changed her plea because she knew she was not guilty. In cross-examining Shoemake, the prosecuting attorney suggested that she changed her plea because she was going to get a longer sentence than she had expected. Shoemake again objected because there had been no sentence

in that the plea had been withdrawn before a sentence was set or imposed, there was no evidence of such, and it was irrelevant. The objection was overruled.

After the defense witnesses had testified, defense counsel moved for a mistrial because of the State's reference to Shoemake's withdrawal of her guilty plea. Counsel stated that he did not have any law specifically on point, but that criminal plea negotiations are similar to civil settlement negotiations and that defendant had a constitutional right to withdraw the plea. The court denied the motion.

Shoemake contends that the court erred in allowing the prosecuting attorney to knowingly inject evidence of her withdrawn plea.

This evidence was inadmissible under OCGA § 17-7-93 (b): "At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty'; and the former plea shall not be admissible as evidence against him at his trial." See *Byrd v. State*, 186 Ga. App. 446, 449 (2) (367 SE2d 300) (1988); *Mathis v. State*, 145 Ga. App. 754 (245 SE2d 41) (1978); *Smith v. State*, 85 Ga. App. 459, 467 (3) (69 SE2d 281) (1952).

Shoemake did not expressly object to the evidence on this ground at trial. "In order for an assignment of error on the admission of allegedly inadmissible evidence to be valid it must appear that a specific objection to the evidence was made at the time it was offered, and it must further appear from the assignment of error what the objection was. [Cits.]" *Jackson v. State*, 108 Ga. App. 529, 530 (1) (133 SE2d 436) (1963). " ' "Although there may be a ground of objection to testimony which would have been good if made, yet if the objection made be not good, it will be overruled. [Cit.]" [Cit.]' [Cits.]" *House v. State*, 227 Ga. 257 (1) (181 SE2d 31) (1971). The objection made at trial, that the evidence was prohibited character evidence, is not reasserted on appeal. This may be so because it is not valid, as defendant had presented evidence of her good character. Although defendant later moved for a mistrial on the ground that the guilty plea was inadmissible even though she put her character in evidence, the denial of the motion is not enumerated as error. Moreover, the timeliness of the motion is questionable, because it was not made until after the close of all the evidence. See *Nelson v. State*, 208 Ga. App. 671, 672 (3) (431 SE2d 450) (1993).

Shoemake argues that the error in the admission of evidence of a defendant's withdrawal of a guilty plea is of such serious magnitude that even if she erred procedurally in the manner and timeliness of pursuing it, a new trial is required. Considering the circumstances of this case, we agree.

It is evident that the prosecuting attorney knew the evidence was inadmissible because it called for a bench conference before he broached the subject. When defendant failed to object on the ground

of the statutory prohibition, he proceeded. The court gave no curative instructions, thus distinguishing this case from *Smith,* supra. The jury here was simply permitted to consider the plea as substantive evidence of guilt and to weigh the significance of the withdrawal and defendant's explanation of the entry of the plea.

Such evidence, inadmissible by statute, was highly prejudicial. The State used the guilty plea made in this very case to attack the evidence of good character, in order to persuade the jury that she did commit the crime. Obviously, it went directly to the question of her commission of the crime, as well.

The view expressed in the dissent in *Smith,* supra at 476, applies to this case: "In *Flournoy v. State,* [82 Ga. App. 518 (61 SE2d 556) (1950)], this court held as follows: 'Courts of justice have the highest duty imposed upon them to safeguard the rights of defendants, and where . . . a prosecuting attorney knowingly injects into the case by his questions an illegal element to the prejudice of the defendant, a mistrial is often the only complete and satisfactory remedy.' [N]o harm can be done a defendant greater than that of calling to the attention of the jury the fact that he has previously pleaded guilty to the same charge for which he is on trial under a subsequent plea of 'not guilty.' For this reason no doubt, our lawmakers placed in the Code section the provision that 'such former plea shall not be given in evidence against him on his trial.' There are some prejudicial errors that can be corrected by instructions and rebukes on the part of the trial court. There are others that such measures only tend to accentuate. . . . [A]n error such as the one here involved belongs to the latter class and . . . only a mistrial could serve to correct it."

In this case the court erred in ruling it admissible in the first place, when faced with an opportunity to avert an announced and calculated effort to introduce it. No steps were even taken by the court to lessen the impact of the evidence, when the belated motion for mistrial was made, assuming arguendo that instructions could have erased the earlier revelation and cured the error. See OCGA § 17-8-75; *Castell v. State,* 250 Ga. 776, 779 (1b) (301 SE2d 234) (1983).

We cannot say that the error was harmless. The evidence implicating defendant in the armed robbery was not so overwhelming that we can safely conclude that the jury would have been persuaded beyond a reasonable doubt of defendant's guilt, without the evidence of her plea. *McGee v. State,* 209 Ga. App. 261, 262 (1) (433 SE2d 374) (1993). She is entitled to a fair trial, one in which this evidence is excluded. *Thomas v. State,* 248 Ga. 247, 253 (11) (282 SE2d 316) (1981).

*Judgment reversed. Pope, C. J., McMurray, P. J., Johnson, Blackburn, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur. Birdsong, P. J., and Andrews, J., dissent.*

ANDREWS, Judge, dissenting.

As acknowledged by the majority, no objection was made below on the ground that OCGA § 17-7-93 (b) had been violated. Shoemake's only statement after the reference to the guilty plea was made was "[t]hat's putting her character in issue." The witness had been called by Shoemake solely as a character witness and had already placed her character in issue. *Jones v. State*, 257 Ga. 753, 755 (1) (363 SE2d 529) (1988). The motion for mistrial was not made until after the close of the evidence and was not timely. *Nelson v. State*, 208 Ga. App. 671, 672 (3) (431 SE2d 450) (1993).

The objection made was not good and the objection now argued and addressed by the majority was never made below. *Miller v. State*, 260 Ga. 133, 135 (2) (390 SE2d 50) (1990); *House v. State*, 227 Ga. 257 (1) (181 SE2d 31) (1971); *Edwards v. State*, 188 Ga. App. 667, 670 (7) (374 SE2d 97) (1988).

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED JUNE 10, 1994.

*Dan T. Pressley, Sr.*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.