## A94A0896. SNOW v. THE STATE.

(445 SE2d 353)

ANDREWS, Judge.

Snow was tried and convicted of six counts of child molestation, one count of aggravated child molestation, one count of aggravated sodomy and one count of incest. Snow enumerates two errors on appeal.

There was ample evidence at trial that Snow repeatedly molested his two granddaughters in various ways over a period of several years.

1. In his first enumeration, Snow claims that the trial court erred by allowing the State to repeatedly elicit evidence from him and other witnesses concerning his attempt to plead guilty in magistrate court at an initial appearance hearing and his subsequent withdrawal of any such pleas. Citing OCGA § 17-7-93 (b), Snow contends that the admission of such testimony constituted reversible error.

Snow, his wife and an investigating police officer testified regarding the testimony in magistrate court, but defense counsel raised no specific objection to such testimony. Defense counsel raised a general objection to "any statement" with respect to Snow's testimony about the circumstances under which his previous statements were made, but this objection was not based on the reasons presented here.

Later, Snow was asked a question about his guilty plea and defense counsel objected that the question was "improper." Thereupon the prosecuting attorney asked another question. Snow then explained that he had stated that he was guilty in magistrate court because he did not want to subject his granddaughters to litigation. In response to this explanation, the prosecuting attorney stated: "Isn't that something," defense counsel objected, and the court instructed the prosecutor to refrain from commenting. Snow never raised the specific objection raised here during the fairly extensive testimony regarding his statements before the magistrate court.

Pretermitting the issue of whether Snow's statements here constituted a "guilty plea" within the purview of OCGA § 17-7-93 (b), we find no merit to this enumeration. At most, a general objection to the evidence was raised. "It has been held many times that a general objection is too vague and indefinite to present any question for decision either by the trial court or by the appellate courts." (Citations and punctuation omitted.) *Williams v. State*, 207 Ga. App. 408 (427 SE2d 869) (1993). To the extent that Snow argues that the trial court should have independently intervened under OCGA § 17-8-75, in the absence of an objection, we find no merit in this contention. See *Earnest v. State*, 262 Ga. 494 (1) (422 SE2d 188) (1992). Accordingly, any alleged error was waived. See *Wadsworth v. State*, 209 Ga. App. 333, 335 (6) (433 SE2d 419) (1993). Moreover, in light of the overwhelming evidence against Snow, we find it highly improbable that any alleged

error in this regard contributed to the verdict. Compare *Thomas v. State*, 248 Ga. 247 (11) (282 SE2d 316) (1981).

2. Secondly, Snow claims that the court erred by admitting similar transaction evidence in that such testimony involved similar acts which were too remote in time.

The evidence to which Snow objects was the testimony of his daughters. One daughter testified that Snow had molested her over the course of several years, from the time she was about 11 years old until she was about 16, which was 22 years before the trial. She recalled that Snow had suggested that she have sex with him as recently as three to five years before the trial.

Snow's other daughter also testified to Snow's molestation of her, which began 27 years prior to her testimony, when she was 12 years old. Snow's molestation of this daughter continued until 11 years prior to her testimony, when she was 28. With both daughters, the pattern of molestation was repeated and was similar to the pattern of molestation committed on the granddaughters.

Citing *Gilstrap v. State*, 261 Ga. 798 (1) (410 SE2d 423) (1991), Snow argues that the trial court erred in admitting the testimony. In *Gilstrap*, the Supreme Court determined that evidence of similar transactions 31 years in the past was too remote.

Although we are mindful of the holding of *Gilstrap*, we are also aware of *Rich v. State*, 254 Ga. 11, 14 (1) (325 SE2d 761) (1985) and *Cooper v. State*, 173 Ga. App. 254, 255 (1) (325 SE2d 877) (1985), "where lapses of 11 years and 19 years, respectively, did not prohibit the admission of evidence of similar transactions." *Moore v. State*, 207 Ga. App. 412, 416 (1) (b) (427 SE2d 779) (1993) (in which similar transaction evidence from 22 years before was admissible). Moreover, in the instant matter, in contrast to *Gilstrap*, Snow's molestation of his daughters was not limited to an isolated time period 22 or 27 years ago. Instead "the evidence shows appellant's almost *continuous* course of *identical* conduct over the *entire* [27]-year period *immediately* preceding" the acts of molestation of his granddaughters. *Starnes v. State*, 205 Ga. App. 882, 883 (1) (424 SE2d 4) (1992); see also *Cooper*, supra; *Bryson v. State*, 210 Ga. App. 642 (2) (437 SE2d 352) (1993). Furthermore, with both of his daughters, Snow's most recent acts were between eleven and three years before trial.

"Obviously many years are going to elapse between the time such acts occur with his daughters and the time such acts occur with the children of one of those daughters." *Cooper*, supra at 255. "Under such circumstances, we do not believe the lapse of time between the independent crimes and the offenses charged is a determinative factor which would make such evidence inadmissible. [Cit.] The lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility."

*Cooper*, supra at 255. "It follows that here, as in *Cooper*, the evidence was properly admitted as relevant to show appellant's plan, scheme, bent of mind and course of conduct, whereby he would subject his young female relatives to his acts of sexual abuse." *Starnes*, supra at 883-884.

*Judgment affirmed. Johnson, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur in Division 1 because OCGA § 17-7-93 does not, by its terms or its construction heretofore, apply to statements made in the initial appearance in the magistrate court. Although a statement to the contrary is made in *Jones v. State*, 174 Ga. App. 783, 784 (1) (331 SE2d 633) (1985), it is dicta. Compare *Shoemake v. State*, 213 Ga. App. 528 (445 SE2d 558) (1994).

I fully concur in Division 2.

DECIDED JUNE 16, 1994.

*Husby, Myers & Stroberg, Edwin A. Capitan*, for appellant.
*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.