### A03A2444. BOOTH v. THE STATE.
(590 SE2d 789)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of statutory rape, incest, and child molestation, C. D. Booth appeals, arguing that the trial court erred in admitting evidence of alleged similar transactions because (1) the similar transactions were too remote in time, and (2) the evidence used to prove the similar transactions was hearsay. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that in August 2001, Booth went with C. B., his 11-year-old daughter, into the woods behind their house to visit the grave of C. B.'s great-grandmother. The two then went into a small building in the woods. C. B. lay down on a mattress, and Booth lay down beside her. Without speaking, Booth got on top of his daughter. C. B. asked her father to stop, but Booth put his arms around his daughter and then "put his private into [his daughter's] private."

In addition, similar transaction evidence was presented which showed that, in 1985, Booth was convicted of two charges of incest and one charge of child molestation of V. L. B., his 12-year-old daughter, and of one charge of child molestation of T. B., his 11-year-old daughter. V. L. B. testified at the 1985 trial. Booth appealed his 1985 conviction, and this Court, though finding "ample evidence" of Booth's guilt, reversed his conviction on the basis of an error in the trial court's charge to the jury on character evidence. See *Booth v. State*.[1] The case was never retried. In the time since the original trial, V. L. B. was killed in a car accident.

In the trial of the present case, the State read V. L. B.'s testimony

---

[1] *Booth v. State*, 186 Ga. App. 342 (367 SE2d 77) (1988).

from the 1985 trial transcript because of V. L. B.'s unavailability. V. L. B.'s testimony was that on two occasions, Booth had come into her bedroom, pulled down her shorts and his own overalls, lay on top of her, and moved up and down. V. L. B. also testified that one morning as she and T. B. were in the bathroom getting ready for school, Booth came into the bathroom, pulled up their shirts, and sucked their breasts.

T. B., now 28 years old, testified at the present trial that Booth had sucked her breasts when she was 11 years old. She also testified that in 1985, she had heard her 12-year-old sister crying and had tried unsuccessfully to get into their bedroom. She then had climbed a ladder, looked through the bedroom window, and seen Booth having sexual intercourse with V. L. B.

This evidence was ample to support the verdict against Booth. See *Jackson v. Virginia*.[2]

1. Booth's first objection to the trial court's admission of the testimony of V. L. B. and T. B. is that evidence of these similar transactions, which occurred 16 years before the crimes against C. B., is inadmissible because of its remoteness in time. This argument is meritless.

Booth sexually abused three of his daughters when they were each 11 or 12 years old. In 1985, V. L. B. was 12 years old and T. B. was 11 years old. C. B., Booth's daughter by a second wife, was born four and a half years after the crimes were committed against V. L. B. and T. B., and did not reach the age of 11 until 2001, the year Booth raped her.

> Obviously many years are going to elapse between the time such acts [of sexual abuse] occur with his daughters [of his first marriage] and the time such acts occur with [his daughter of a later marriage]. Under such circumstances, we do not believe the lapse of time between the independent crimes and the offenses charged is a determinative factor which would make such evidence inadmissible. The lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility.

(Citation omitted.) *Cooper v. State*.[3] "It follows that here, as in *Cooper*, the evidence was properly admitted as relevant to show appellant's plan, scheme, bent of mind and course of conduct,

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Cooper v. State*, 173 Ga. App. 254, 255 (1) (325 SE2d 877) (1985).

whereby he would subject his [11- or 12-year-old daughters] to his acts of sexual abuse." *Starnes v. State*.[4]

2. Booth also maintains that the testimony of V. L. B., read from the 1985 trial transcript, was inadmissible hearsay. We disagree.

Under OCGA § 24-3-1, hearsay evidence is admitted in specified cases from necessity. The State offered V. L. B.'s hearsay under this necessity exception. "There are three prerequisites for admission of hearsay because of necessity: (1) necessity, (2) particularized guarantees of trustworthiness, and (3) the evidence must be relevant to a material fact and more probative on that material fact than other evidence that may be procured or offered." *Herring v. State*.[5]

Booth concedes that the necessity prong is satisfied since V. L. B. is deceased. He argues, however, that the second and third prongs of admissibility were not met.

"Whether a proponent of a hearsay statement can show a guarantee of trustworthiness is based upon a consideration of the totality of the circumstances surrounding the making of the statement." *Herring*, supra at 8 (2). Here, V. L. B. made her statement under oath during trial, and she was subject to cross-examination. Her statement was corroborated by that of her sister, T. B., and by the physical and pelvic examinations performed by a physician. Under these circumstances, the trial court properly found that there were sufficient guarantees of trustworthiness in V. L. B.'s statement.

"Under the third prerequisite to the necessity exception, the statement must be more probative on a material fact than other evidence that may be procured or offered." *Herring*, supra. In the present case, V. L. B.'s testimony was clearly relevant to and more probative than other testimony the State could present on the issue of whether Booth sexually abused and committed incest with one of his daughters when she reached a certain age. As we noted above, "the evidence was properly admitted as relevant to show appellant's plan, scheme, bent of mind and course of conduct, whereby he would subject his [11- or 12-year-old daughters] to his acts of sexual abuse." *Starnes*, supra at 883-884 (1).

Even if admission of the testimony were error, T. B. testified that she witnessed the act of molestation. Therefore, the testimony in issue, even if hearsay, caused no harm.

We conclude that V. L. B.'s trial testimony satisfied the requirements for admission under the necessity exception to the hearsay rule. Accordingly, it was not error for the trial court to admit this similar transaction evidence.

---

[4] *Starnes v. State*, 205 Ga. App. 882, 883-884 (1) (424 SE2d 4) (1992).
[5] *Herring v. State*, 252 Ga. App. 4, 7-8 (2) (555 SE2d 233) (2001).

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED NOVEMBER 26, 2003.

*Donna A. Seagraves*, for appellant.
*Timothy G. Madison*, District Attorney, *Robin R. Riggs*, Assistant District Attorney, for appellee.