A07A2128. DAVIS v. THE STATE.
(657 SE2d 609)

BARNES, Chief Judge.

David Davis appeals his convictions for burglary and possession of a firearm by a convicted felon. The State concedes that Davis's right to confrontation was violated during his burglary trial, and that the error was harmful. We thus reverse the burglary conviction. Davis also contends that his plea of guilty to the firearms charge was not voluntarily entered because it was based on receiving a concurrent sentence for the burglary conviction. For the reasons that follow, we affirm the conviction of possession of a firearm by a convicted felon.

1. Davis contends that the trial court erred in admitting hearsay evidence that a victim had identified Davis at the scene, because the victim died before trial and Davis had no opportunity to confront him about his accusations. Davis preserved his right to raise this enumeration of error by arguing in his pretrial motion in limine that such evidence would violate his rights under the Sixth Amendment Confrontation Clause of the United States Constitution and the Georgia Constitution. In *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004), the U. S. Supreme Court ruled that the State's admission of a testimonial statement against the accused, who had no opportunity to cross-examine the witness, violated the Sixth Amendment. Id. at 68. In this case, the victim's statements were "testimonial," because they were "made with '(t)he involvement of government officers in the production of testimonial evidence,' which includes

police interrogations." (Footnote omitted.) *Jenkins v. State*, 278 Ga. 598, 605 (2) (604 SE2d 789) (2004). The victim was unavailable, as he died before trial, and he had not been subject to cross-examination. Thus admission of the decedent's statements was error, as the State concedes.

Although Davis's trial was conducted in 1997, before the *Crawford* decision, the Supreme Court of Georgia has held that *Crawford* applies to the admission of evidence in cases pending on direct review in 2004, when it was issued. *Gay v. State*, 279 Ga. 180, 182 (2), n. 2 (611 SE2d 31) (2005).

Finally, the error was not harmless. The only identification evidence at trial was the police officer's testimony repeating the deceased victim's statements made on the night of the crime. The arresting officer did not find any fruits of the crime and did not find the ladder the perpetrator used to enter the victim's house. Because the admission of this hearsay testimony violated Davis's right to confrontation, and without it the evidence is insufficient, Davis's burglary conviction is reversed.

2. Davis's enumeration of errors regarding the admission of similar transaction evidence and an arguably suggestive show-up are rendered moot by our reversal of the burglary conviction.

3. The trial court bifurcated the burglary and firearms counts, and after the jury returned a guilty verdict on the burglary, Davis pled guilty to possession of a firearm by a felon, and the arresting officer testified that he saw Davis "raise his arm and shoot several rounds in the air." Davis argues that his plea was not voluntary because he only pled guilty to avoid incurring consecutive sentences, and that without the burglary conviction his plea was not voluntary.

Before entering his plea, the trial court advised Davis that he was giving up his right to trial by jury in which the State would have to prove his guilt beyond a reasonable doubt, his right to remain silent or to testify on his own behalf, his right to call his own witnesses and cross-examine witnesses against him, and his right to appeal if he were found guilty. The record sufficiently establishes that Davis was aware of the constitutional rights he was waiving by entering his plea of guilty. Accordingly, we affirm the firearms conviction.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 7, 2008.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.